754 P.2d 1352

**George THERIAULT and Florence Theriault, dba Auctions by Theriault, Plaintiffs/Appellants,**

v.

**SCOTTSDALE ENTERPRISES, a partnership, dba Scottsdale Hilton Hotel, Defendant/Appellee.**

**No. 2 CA–CV 87–0268.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 15, 1987.

Reconsideration Denied Jan. 26, 1988.

Review Denied June 21, 1988.

John S. Schaper, Phoenix, for plaintiffs/appellants.

Lewis & Roca by Janet Napolitano and David J. Cantelme, Phoenix, for defendant/appellee.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from the granting of a summary judgment. Appellee contends this appeal is untimely. We agree.

Appellee responded to appellants' complaint by filing an answer and a counterclaim in the trial court. The summary judgment which was entered by the court in March 1986 did not dispose of the counterclaim and did not contain language pursuant to Rule 54(b), Rules of Civil Procedure, 16 A.R.S., which gives finality to a judgment and makes it appealable. Nevertheless, an appeal followed which was dismissed by stipulation of the parties when they became aware that the March 1986 judgment was not appealable.

On November 7, 1986, the parties, pursuant to Rules 41(a)(1) and 41(c), Rules of Civil Procedure, 16 A.R.S., filed a stipulation of dismissal of the counterclaim. On November 20, 1986, an unsigned minute entry was entered by the trial court dismissing the counterclaim. On January 7, 1987, a formal written judgment dismissing the counterclaim and disposing of all the claims of the parties was entered. A timely notice of appeal was filed from the January 7 judgment. Appellee contends that the judgment became final on November 7 when the stipulation of dismissal was filed and that all actions by the trial court which occurred thereafter were mere surplusage.

The guiding principle is that before a judgment is appealable, it must be final. It must dispose of all claims and all parties. *Musa v. Adrian,* 130 Ariz. 311, 636 P.2d 89

(1981). A judgment is final when it ends the proceedings and leaves no question open for further judicial action. Cf. *Appeal In Pima County Juvenile Action No. S–933*, 135 Ariz. 278, 660 P.2d 1205 (1982).

What was the legal effect of the filing of the stipulation of dismissal? Under Rules 41(a)(1) and 41(c), a counterclaim can be dismissed by the parties by stipulation. According to the rule, the stipulation automatically dismisses the counterclaim without any further action by the trial court. This means that on November 7, 1986, the impediment to making the March 1986 judgment appealable was removed and the March 1986 judgment became final on November 7, 1986. There was nothing left for the trial court to do. The later minute entry by the trial court dismissing the counterclaim and the January 1987 written judgment were unnecessary and meaningless.

Since the appellants failed to file a notice of appeal within 30 days from the filing of the stipulation of dismissal, this court is without jurisdiction.

The appeal is dismissed.

LACAGNINA, C.J., and
HATHAWAY, J., concur.