924 P.2d 122

In the Matter of the Guardianship and Conservatorship of Leonard F. MONTI, Sr., an Adult, Respondent–Appellee,

v.

Leonard F. MONTI, Jr., Petitioner–Appellant.

Nos. 1 CA–CV 95–0302, 1 CA–CV 95–0540.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 12, 1996.

Renaud, Cook & Drury, P.A. by J. Gordon Cook, Richard N. Crenshaw, Diana L. Clarke, Phoenix, for Petitioner–Appellant.

Burch & Cracchiolo, P.A. by Daryl D. Manhart, Thomas A. Longfellow, Guadalupe Iniguez, Phoenix, for Respondent–Appellee Leonard F. Monti, Sr.

Bernstein & Appel by Marlene Appel, Phoenix, for Respondent–Appellee Michael L. Monti.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Leigh A. Kaylor, Phoenix, for Respondent–Appellee Shirley L. Monti.

## OPINION

NOYES, Judge.

The question is whether the trial court had jurisdiction to award attorneys' fees pursuant to A.R.S. section 12–349(A)(1) (1992) *after* entry of final judgment. Declining to follow *Hamm v. Y & M Enterprises, Inc.,* 157 Ariz. 336, 757 P.2d 612 (App.1988), we hold that the rule announced in *Mark Lighting Fixture Co. v. General Electric Supply Co.,* 155 Ariz. 27, 745 P.2d 85 (1987), governs all claims for attorneys' fees in Arizona, unless a rule of procedure or a statute otherwise provides. Applying the *Mark Lighting* rule here, we conclude that the trial court lacked jurisdiction for two post-judgment awards of attorneys' fees.

### I

In November 1994, Appellant Leonard F. Monti, Jr. filed one petition for temporary conservatorship and another for appointment of a conservator and guardian for his father, Appellee Leonard F. Monti, Sr. At the first hearing, the trial court consolidated the petitions, directed a verdict for Appellee, and dismissed the petitions. Final judgment was entered on January 27, 1995, prior to any ruling on Appellee's motion for attorneys' fees, which had been filed on January 26.

Appellee's motion requested an award of attorneys' fees and costs pursuant to Rule 11, Arizona Rules of Civil Procedure ("Rule"), and A.R.S. sections 12–341.01(C) (1992) and 12–349(A)(1) and (2).[1] In summary, Appel-

---

1. **Rule 11(a) Signing of pleadings, Motions and Other Papers; Sanctions**

... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

**§ 12–341.01 Recovery of Attorney's Fees**

C. Reasonable attorney's fees shall be awarded by the court in any contested action upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and not made in good faith....

**§ 12–349 Unjustified actions; attorney fees, expenses and double damages; exceptions; definition**

A. Except as otherwise provided by and not inconsistent with another statute, in any civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:

1. Brings or defends a claim without substantial justification.
2. Brings or defends a claim solely or primarily for delay or harassment.
3. Unreasonably expands or delays the proceeding.
4. Engages in abuse of discovery.

....

F. In this section, 'without substantial justification' means that the claim or defense constitutes harassment, is groundless, and is not made in good faith.

**§ 12–350 Determination of award; reasons; factors**

In awarding attorney fees pursuant to § 12–349, the court shall set forth the specific reasons for the award and may include the following factors, as relevant, in its consideration:

1. The extent of any effort made to determine the validity of a claim before the claim was asserted.
2. The extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid.
3. The availability of facts to assist a party in determining the validity of a claim or defense.
4. The relative financial positions of the parties involved.
5. Whether the action was prosecuted or defended, in whole or in part, in bad faith.
6. Whether issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict.
7. The extent to which the party prevailed with respect to the amount and number of claims in controversy.
8. The amount and conditions of any offer of judgment or settlement as related to the

lee's motion alleged that Appellant's lawsuit constituted harassment, was groundless, and was not made in good faith. Appellant denied the allegations and also argued that Appellee's claim for fees was precluded by entry of final judgment.

After a hearing, the trial court denied preclusion, made findings, and awarded Appellee attorneys' fees and costs pursuant to section 12–349(A)(1), which is directed at one who "[b]rings or defends a claim without substantial justification." On May 9 the trial court entered judgment against Appellant for nearly $32,000 in attorneys' fees and costs. Appellant objected to the form of judgment and moved for clarification. The trial court denied relief and, in a judgment entered on July 19, sanctioned Appellant with an additional $1,585 in attorneys' fees. Appellant appealed all three judgments. One of the appeals was too late.

Rule 9(a), Arizona Rules of Civil Appellate Procedure, provides that: "A notice of appeal ... shall be filed with the clerk of the superior court not later than 30 days after the entry of the judgment from which the appeal is taken, unless a different time is provided by law." On May 30 Appellant filed a notice of appeal from both the January 27 judgment of dismissal (the "merits" appeal) and the May 9 sanctions judgment. On August 17 Appellant filed a notice of appeal from the July 19 sanctions judgment.

After this Court consolidated the appeals, Appellee moved to dismiss the "merits" appeal on grounds that the May notice of appeal was untimely regarding the January judgment. A panel of this Court agreed, and it dismissed the "merits" appeal in September 1995, explaining, in part, that:

> A claim for attorneys' fees is not a separate claim for purposes of determining the finality of a judgment. *See Title Insurance Company of Minnesota v. Acumen Trading Co.*, 121 Ariz. 525, 591 P.2d 1302 (1979). Accordingly, appellant's failure to file a notice of appeal not later than thirty days [from] the judgment denying a temporary conservatorship and denying the petition for appointment of a conservator

and guardian was untimely and this court lacks jurisdiction over that judgment.

Having obtained dismissal of Appellant's "merits" appeal on grounds that attorneys' fees *were not* a separate claim and the January judgment was final, Appellee now argues that attorneys' fees *were* a separate claim which the trial court had jurisdiction to decide after entering the January final judgment. We conclude that, because final judgment on the merits was entered in January, the trial court lacked jurisdiction to award attorneys' fees in May and July. We have jurisdiction of this appeal pursuant to A.R.S. sections 12–2101(J) (1994) and 12–120.21(A)(1) (1992).

## II

Unlike similar rules and statutes in other jurisdictions, Rule 11, section 12–341.01 and section 12–349 do not specify whether an attorneys' fees award must be included in the final judgment. *See, e.g., Baker v. Williams Bros., Inc.*, 601 So.2d 110, 111–12 (Ala.Civ. App.1992); *Northwest Wholesale Lumber, Inc. v. Anderson*, 191 Wis.2d 278, 528 N.W.2d 502, 504, 508 (App.1995). Unlike similar rules and statutes in other jurisdictions, those in Arizona do not specify when a motion for attorneys' fees must be filed in relation to entry of final judgment. *Compare* A.R.S. § 12–349 *with* Ga.Code Ann. § 9–15–14(e) (Supp.1996) (motion may be made during action, and not later than 45 days after judgment) *and* Idaho Code § 12–123(2)(a) (1990) (21 days) *and* Ohio Rev.Code Ann. § 2323.51(B)(1) (1995) (21 days) *and* D.Conn.L.R. 9(f) (30 days) *and* D.Md.R. 109 (14 days).

Many courts treat motions for attorneys' fees as independent claims which are collateral to a decision on the merits. *E.g., Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988) (holding that "a decision on the merits is a 'final decision' for purposes of [filing an appeal pursuant to 28 U.S.C.] § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case"); *United States v. RG*

amount and conditions of the ultimate relief granted by the court.

*& B Contractors, Inc.,* 21 F.3d 952, 955 (9th Cir.1994); *Mary Ann Pensiero, Inc. v. Lingle,* 847 F.2d 90, 98 (3d Cir.1988). The Ninth Circuit, for example, holds that attorneys' fees claims are collateral to the merits, that Rule 59 does not apply, and that the timeliness of a motion for attorneys' fees is within the discretion of the trial court. *See Drucker v. O'Brien's Moving and Storage Inc.,* 963 F.2d 1171, 1174 (9th Cir.1992); *Community Elec. Serv. v. National Elec. Contractors Ass'n, Inc.,* 869 F.2d 1235, 1242 (9th Cir.), *cert. denied,* 493 U.S. 891, 110 S.Ct. 236, 107 L.Ed.2d 187 (1989).

The Arizona Rules of Civil Procedure do not address attorneys' fees issues in relation to entry of final judgment on the merits. The only Arizona procedural rule on the subject is Maricopa County Superior Court Local Rule 3.7(e)(4), which provides, in part, that "formal judgment on the merits of an action shall be delayed until determination of the issue of attorneys' fees." This rule is not controlling here, for it applies only to "successful party" claims pursuant to A.R.S. section 12–341.01(A). *See* Local Rule 3.7(e)(1). This Local Rule, however, is consistent with Arizona's common law.

The Arizona Supreme Court has held that, if a final judgment on the merits does not include an award of attorneys' fees pursuant to A.R.S. section 12–341.01(A), the party seeking those fees must file a motion for new trial or motion to alter or amend the judgment. *Mark Lighting,* 155 Ariz. at 31, 745 P.2d at 89; *Title Ins. Co. of Minnesota v. Acumen Trading Co.,* 121 Ariz. 525, 526–27, 591 P.2d 1302, 1303–04 (1979). The motion must be filed within fifteen days after entry of final judgment. *Mark Lighting,* 155 Ariz. at 31, 745 P.2d at 89; *see also* Rule 59(*l* ). If the motion is not timely filed, the trial court does not have jurisdiction to decide it. *Mark Lighting,* 155 Ariz. at 32, 745 P.2d at 90. Appellee did not comply with the *Mark Lighting* rule.

Appellee argues that we should follow *Hamm v. Y & M Enterprises,* in which Division Two of this Court found that, unlike the section 12–341.01(A) "successful party" attorneys' fees award in *Mark Lighting,* an award under section 12–349(A)(3) "is not linked to a decision on the merits" and the trial court therefore had jurisdiction to make that award after entry of final judgment. *See* 157 Ariz. at 338, 757 P.2d at 614. Section 12–349(A)(3) is directed at one who "unreasonably expands or delays the proceeding." In theory, one could violate this subsection while prevailing on the merits, and one could receive attorneys' fees under this subsection without prevailing on the merits. Such theory is inapplicable to Appellee.

An essential element of all Appellee's claims for attorneys' fees is that Appellant's claims for relief were "groundless." *See* Rule 11; A.R.S. §§ 12–341.01(C), –349(A)(1), (F). A party whose claim is groundless cannot prevail on the merits, for a groundless claim has no merit. Only the party who prevails on the merits can seriously argue that the other's claim was groundless. A trial court cannot make a finding of "groundlessness," nor can an appellate court review such a finding, without considering the merits of the challenged claim. *See generally,* A.R.S. § 12–350. In other words, Appellee's "groundless-litigation" claims for attorneys' fees are just as "linked" to a decision on the merits as are "successful party" claims pursuant to section 12–341.01(A).

To provide a jurisdictional basis for Appellee's claims for attorneys' fees, then, the *Hamm* rule must be extended to apply to merit-linked claims. But doing that would ignore the not-merit-linked rationale that was *Hamm's* only reason for not following the *Mark Lighting* rule. Rather than cloud this situation further by extending or distinguishing *Hamm,* we think it best to respectfully reject *Hamm* and to clearly hold that *Mark Lighting* states *the* general rule for attorneys' fees claims in Arizona.

"The time of appealability, having jurisdictional consequences, should above all be clear." *Budinich,* 486 U.S. at 202, 108 S.Ct. at 1722. So long as *Hamm* and *Mark Lighting* co-exist, both the time of appealability and the time for resolving attorneys' fees claims are unclear in Arizona, as evidenced by what happened in this case. Whether *Mark Lighting* states a better rule than *Hamm* can be debated, but either one will work, and either one will provide the neces-

sary clarity once it is recognized as *the* Arizona rule.

The Arizona Supreme Court adopted the *Mark Lighting* rule several years ago, and it has worked well regarding Arizona's most-frequently-invoked attorneys' fees statute, A.R.S. section 12.341.01(A). The Arizona bench and bar are accustomed to resolving attorneys' fees issues prior to entry of final judgment and there is much to commend such a practice, for it facilitates timely trial court resolution of all matters and results in one final judgment from which any appeal must be taken.

We hold that the *Mark Lighting* rule governs all claims for attorneys' fees in Arizona, unless a rule of procedure or a statute otherwise provides.

## III

■ The trial court's January 27, 1995, judgment of dismissal was a final judgment. *See Theriault v. Scottsdale Enters.*, 157 Ariz. 77, 78, 754 P.2d 1352, 1353 (App.1987). The final judgment was entered while Appellee's motion for attorneys' fees was pending.

When the final judgment did not address the motion, the motion was considered denied by operation of law. *State v. Hill*, 174 Ariz. 313, 323, 848 P.2d 1375, 1385, *cert. denied*, 510 U.S. 898, 114 S.Ct. 268, 126 L.Ed.2d 219 (1993). Appellee did not file a motion to amend the January judgment.

Because the January final judgment was not amended, the trial court lacked jurisdiction to enter May and July judgments awarding attorneys' fees. Because we decide the appeal on jurisdictional grounds, we do not address Appellant's arguments that the trial court clearly abused its discretion in sanctioning Appellant.

The judgments of May 9 and July 19, 1995, are reversed.

TOCI, P.J., and PATTERSON, J., concur.