205 P.3d 357

Thomas and Anna BRITT, husband
and wife, Plaintiffs/Appellants,

and

Douglas G. Wymore, Non–
Party Appellant

v.

Linda STEFFEN, a single woman;
Mark Baltimore, a single man,
Defendants/Appellees.

No. 1 CA–CV 07–0517.

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 26, 2008.

Douglas G. Wymore, Scottsdale, Attorney for Plaintiffs–Appellants.

Davis Miles, PLLC By Lori A. Curtis and Joshua M. Deere, Mesa, Attorneys for Defendants–Appellees.

## OPINION

HALL, Judge.

¶ 1 In 1987, the Arizona Supreme Court held in *Mark Lighting Fixture Co. v. General Electric Supply Co. (Mark Lighting II)* that a judgment dismissing a complaint for lack of prosecution ·deprived the superior court of jurisdiction to rule on a subsequent application for attorneys' fees. 155 Ariz. 27, 31–32, 745 P.2d 85, 89–90. This case presents the issue whether Arizona Rules of Civil Procedure 54(b) and (g), amended after *Mark Lighting II,* authorize a trial court to consider an application for attorneys' fees filed after entry of a judgment dismissing a complaint for lack of prosecution. Concluding that they do, we affirm the superior court's award of attorneys' fees.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Linda Steffen and Mark Baltimore (collectively, defendants) lived in a single-family residence owned by Steffen. In January 2005, Steffen entered a brokerage agreement with ZipRealty, Inc. to list the property for sale. Although the agreement was signed by Steffen as the owner, Geoff Gribble, Steffen's real estate agent, prepared a Multiple Listing Service sheet showing "Mark and Linda" as "owner."

¶ 3 In March 2005, the Britts made an offer to purchase the property in an amount less than the listed price, and Steffen rejected it. A short time later, while Steffen was out of town, Gribble asked Baltimore to authorize a counteroffer to the Britts. Baltimore reminded Gribble that he was not the owner of the home, but Gribble told Baltimore that he could sign the document because it was "preliminary." Baltimore signed the document, which was actually a two-page purchase contract. Gribble presented it to the Britts, and Mr. Britt signed an acceptance. When Steffen was contacted several days later by a home inspector to schedule a time for the buyers' home inspection, Steffen contacted ZipRealty and was told by Gribble that Baltimore's signature made the sale final. After Steffen told Gribble that she would not go through with the sale, he telephoned Mr. Britt and told him that the sale had been canceled, but that he should sue Steffen.[1]

¶ 4 The Britts subsequently filed a complaint charging Baltimore and Steffen with breach of contract and Baltimore with negligent misrepresentation. In their answer, defendants requested that the complaint be dismissed and that they be awarded attorneys' fees pursuant to Arizona Revised Statutes (A.R.S.) section 12–341.01 (2003).

¶ 5 Ultimately, after being placed on the inactive calendar, the complaint was dismissed for lack of prosecution. *See* Ariz. R. Civ. P. 38.1(d) (providing that "[a]ll cases remaining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution"). Twenty days after the dismissal, defendants filed an "Application for Attorney's Fees and Motion for Sanctions" requesting attorneys' fees pursuant to A.R.S. § 12–341.01(A) and sanctions pursuant to Arizona Rule of Civil Procedure (Rule) 11.

¶ 6 The Britts did not respond to the motion. Instead, they filed an untimely motion to strike the application, arguing that the court lacked jurisdiction to consider it. Defendants filed a response, and the court

---

**1.** Gribble was eventually sanctioned by the Arizona Department of Real Estate for his conduct in the matter.

found that their requests for fees and sanctions were timely and denied the motion to strike. The court subsequently granted defendants' motion for attorneys' fees and entered a judgment awarding fees against the Britts and their attorney, Douglas Wymore, in the amount of $30,698.86.

¶ 7 The Britts and Wymore appealed this judgment[2] and the later denial of their motion for new trial. We have jurisdiction pursuant to A.R.S. § 12–2101(B) and (F)(1).[3]

## DISCUSSION

¶ 8 Citing *Mark Lighting II*, appellants argue that the superior court did not have jurisdiction to consider defendants' motion for attorneys' fees and sanctions because the judgment by its terms dismissed "all unadjudicated claims of [the] case without prejudice for lack of prosecution." According to appellants, this language also necessarily means that defendants' claim for attorneys' fees was dismissed. Appellants also alternatively argue that, even if *Mark Lighting II* is not controlling and the superior court did have jurisdiction to consider the claim, a dismissal without prejudice for lack of prosecution is not a decision on the merits of the cause and that the award of fees was thus premature. *See* Ariz. R. Civ. P. 54(g)(2) (providing that "the determination as to the claimed attorneys' fees shall be made after a decision on the merits of the cause").

¶ 9 Because it bears on our resolution of appellants' jurisdictional argument, we first address their alternative argument that a dismissal without prejudice does not constitute a decision on the merits for purposes of an attorneys' fees award. At least as to a contract action such as this one, we disagree. When such an action has been dismissed without prejudice, the defendant is still considered a "successful party" for purposes of A.R.S. § 12–341.01(A) even though such a dismissal does not operate as an adjudication upon the merits. *Mark Lighting Fixture Co. v. Gen. Elec. Supply Co.*, 155 Ariz. 65, 70–71, 745 P.2d 123, 128–29 (App.1987) *(Mark Lighting I)* (holding that the defendant in an action dismissed without prejudice for failure to prosecute is the "successful party" in that particular proceeding for purposes of awarding costs and attorneys' fees), *vacated on other grounds by Mark Lighting II; see also Harris v. Reserve Life Ins. Co.*, 158 Ariz. 380, 385, 762 P.2d 1334, 1339 (App.1988) (affirming award of costs when complaint was dismissed for failure to prosecute: "The fact that the action is dismissed without prejudice and that plaintiff can refile is not relevant.").

¶ 10 Neither do we interpret the requirement in Rule 54(g)(2) that claims for attorneys' fees "be made after a decision on the merits of the cause" as literally meaning that the substantive merits of the underlying claim must first be finally adjudicated before any fees may be awarded. In *Mark Lighting I*, the plaintiff argued that former Maricopa County Local Rule 3.7(e)(2), which provided that "[w]hen attorneys' fees are recoverable pursuant to A.R.S. § 12–341.01, and are claimed by one or more parties, the determination as to the claimed attorneys' fees shall be made after a decision on the merits of the cause," prevented the trial court from awarding attorneys' fees because no decision had yet been made on the underlying merits. 155 Ariz. at 71, 745 P.2d at

---

**2.** *See Wieman v. Roysden*, 166 Ariz. 281, 284, 802 P.2d 432, 435 (App.1990) (holding that a "non-party attorney against whom the trial court has imposed attorneys' fees is entitled to appeal from that portion of the judgment adverse to him").

**3.** In addition to their jurisdictional argument, the Britts and Wymore also ask us to review the underlying merits of the fee awards. Because they raised these additional arguments in the superior court only in a response to the motion for sanctions and fees filed twenty-five days after the motion was granted and in their later motion for new trial and to vacate or amend order granting sanctions, the objections were waived in the superior court and have not been preserved

for our review on appeal. *See State v. Dann*, 205 Ariz. 557, 575, 74 P.3d 231, 249 (2003) ("Failure to bring error to the court's attention waives the error and removes the issue as a ground on which a new trial can be predicated."); *Van Dever v. Sears, Roebuck & Co.*, 129 Ariz. 150, 152, 629 P.2d 566, 568 (App.1981) (noting that post-trial objection "is too late to preserve on appeal an issue which the trial court has not had an effective opportunity to rule upon at trial"); *see also* Ariz. R. Civ. P. 7.1(b) ("[I]f the opposing party does not serve and file the required answering memorandum, ... the court may dispose of the motion summarily.").

129. In effect, the plaintiff was arguing that Rule 3.7(e)(2) was a "Catch–22" that trumped the right of the defendant to be considered for an award of attorneys' fees pursuant to § 12–341.01(A). We rejected that argument, observing that "to the extent the rule would prevent a party from receiving attorney's fees which are due him under the statute, the rule is of no effect." *Id.* at 72, 745 P.2d at 130 (citing *State v. Birmingham*, 95 Ariz. 310, 316, 390 P.2d 103, 107 (1964) (explaining that procedural rules may not diminish or augment substantive rights)). Instead, we interpreted the references in Rule 3.7(e)(2) to "determination" or "decision on the merits of the cause" as meaning "termination of the action and not as a technical requirement that the merits of the underlying claims must be decided." *Id.* We apply the same interpretation to Rule 54(g)(2), which, insofar as relevant, is phrased nearly identically to Rule 3.7(e)(2).[4]

¶ 11 To summarize, a defendant against whom a contract action is dismissed without prejudice for lack of prosecution is the "successful party" in that action and qualifies for a possible award of attorneys' fees pursuant to A.R.S. § 12–341.01(A). Moreover, such a party cannot be denied attorneys' fees on the basis that Rule 54(g)(2) precludes an application for an award of fees until the underlying merits of the cause are finally determined.

▮ ¶ 12 We now address the central issue in this appeal: Is the holding in *Mark Lighting II* regarding the superior court's lack of jurisdiction to entertain an application for an award of attorneys' fees still valid or has it been superseded by amendments to the Arizona Rules of Civil Procedure? The circumstances of this case are virtually identical to those in *Mark Lighting II*. In each, the plaintiff(s) filed a breach of contract action, the defendant(s) requested an award of attorneys' fees pursuant to A.R.S. § 12–341.01 in the answer, the complaint was dismissed without prejudice for lack of prosecution via a signed minute entry order because the case had been on the inactive calendar for two

months or more, and the order did not mention the request for attorneys' fees. *See Mark Lighting II*, 155 Ariz. at 29, 745 P.2d at 87. Finally, the defendant(s) filed a post-judgment motion for attorneys' fees more than fifteen days after the judgment was filed, which was granted by the superior court. *See id.*

¶ 13 In *Mark Lighting II*, the supreme court concluded that the minute entry dismissal of the complaint was a final judgment that effectively denied the application for attorneys' fees and ruled that the post-judgment application was untimely because it was filed beyond the fifteen-day deadline for filing a motion for new trial or to amend the judgment. 155 Ariz. at 31, 745 P.2d at 89; *see* Ariz. R. Civ. P. 59(d) and (*l*) (requiring that such motions be filed "not later than 15 days after entry of judgment"). Because these time limits are jurisdictional, the court held that the superior court lacked jurisdiction to rule upon the subsequent motions. *Id; cf. White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (holding that motions for attorneys' fees under Civil Rights Attorneys' Fees Awards Act, which provides for awards of attorneys' fees only to a "prevailing party," are not requests to "alter or amend" the judgment and therefore are not governed by the analogous time limits contained in Federal Rule of Civil Procedure 59).

¶ 14 In *Monti v. Monti*, a conservatorship proceeding, we applied *Mark Lighting II* in the context of post-judgment orders granting motions for attorneys' fees filed pursuant to A.R.S. § 12–349(A)(1) one day before the final judgment was entered. 186 Ariz. 432, 433, 924 P.2d 122, 123 (App.1996). We determined that *Mark Lighting II* should apply to "all claims for attorneys' fees in Arizona, unless a rule of procedure or statute otherwise provides." *Id.* Noting that Arizona, unlike many other jurisdictions, did not specify by rule or statute "when a motion for attorneys' fees must be filed in relation to

---

4. Former Maricopa County Local Rule 3.7(e)(2) provided that "[w]hen attorneys' fees are recoverable pursuant to A.R.S. § 12–341.01, and are claimed by one or more parties, the determination as to the claimed attorneys' fees shall be

made after a decision on the merits of the cause." Rule 54(g)(2) provides that "[w]hen attorneys' fees are claimed, the determination as to the claimed attorneys' fees shall be made after a decision on the merits of the cause."

entry of final judgment," *id.* at 434, 924 P.2d at 124, we treated the judgment's silence as to the pending motion for attorneys' fees as a denial "by operation of law" and, because the claimant did not file a timely motion to amend the judgment, we reversed the subsequently entered judgments granting attorneys' fees. *Id.* at 436, 924 P.2d at 126.

¶ 15 Following *Monti*, the procedural landscape governing applications for attorneys' fees began to change. In 1996, the Arizona Supreme Court adopted Rule 54(g), generally requiring in subsection (2) that a "notice of intent" to make a claim for attorneys' fees be filed no later than fifteen days after entry of judgment and that the motion be filed no later than sixty days after entry of judgment. *See* Order Amending Arizona Rules of Civil Procedure, inter alia, 54 and 58, 186 Ariz. XLIX, LXXVII–LXXIX. By tracking the language of Rules 59(d) and (*l*) in requiring that the notice be filed "no later than 15 days after entry of judgment," the amendment effectively required parties to file such notices within the fifteen-day period for filing post-judgment motions. Moreover, by permitting motions for attorneys' fees to be filed after the entry of the merits judgment, Rule 54(g) implicitly superseded the proposition in *Title Insurance Co. of Minnesota. v. Acumen Trading Co.*, 121 Ariz. 525, 526, 591 P.2d 1302, 1303 (1979), relied on in *Mark Lighting II* and *Monti*, that a judgment that fails to grant requested attorneys' fees constitutes a denial of the request because the two are "inextricably tied" to one another as parts of the same claim.

¶ 16 The court also added Rule 58(f) to provide that the trial court could order that a timely Rule 54(g) notice "have the same effect under Rule 9(b) of the Arizona Rules of Appellate Procedure [extending the time to file a notice of appeal] as a timely filed motion under Rule 59." In conjunction with Rule 54(g), Rule 58(f) allowed a trial court to extend the time for appeal so that it could retain jurisdiction to rule on a timely attorneys' fees motion.

¶ 17 In 1999, the supreme court substantially rewrote Rules 54(g) and 58(f). Whereas the previous version of Rule 54(g)(2) required that a notice of intent to make a claim

for attorneys' fees be filed within fifteen days of the entry of judgment and the actual motion within sixty days, Rule 54(g)(2) as amended in 1999 now provides:

> *Time of Determination.* When attorneys' fees are claimed, the determination as to the claimed attorneys' fees shall be made after a decision on the merits of the cause. The motion for attorneys' fees shall be filed within 20 days from the clerk's mailing of a decision on the merits of the cause, unless extended by the trial court.

¶ 18 As amended in 1999 and renumbered in 2000, Rule 58(g) now states: "Except as provided in Rule 54(b), a judgment shall not be entered until claims for attorneys' fees have been resolved and are addressed in the judgment. Entry of judgment shall not be delayed nor the time for appeal extended in order to tax costs." In addition, the following sentence was added to the end of Rule 54(b): "For purposes of this subsection, a claim for attorneys' fees may be considered a separate claim from the related judgment regarding the merits of a cause."

¶ 19 One of the purposes of these amendments was explained in the State Bar Committee Notes to Rule 58(g):

> [The new] procedure will allow all issues to be addressed efficiently in a single appeal, and will avoid the problem identified in *Mark Lighting Fixture Co. v. General Electric Supply Co.*, 155 Ariz. 27, 745 P.2d 85 (1987) (holding that the trial court lacked jurisdiction to award attorneys' fees after judgment absent a timely motion to alter or amend judgment). In the rare case in which a judgment on the merits of a cause would be appropriate prior to resolution of attorneys' fees, the trial court may certify the entry of a "merits" judgment under Rule 54(b).

Similarly, the State Bar Committee Notes regarding the "separate claim" sentence added to Rule 54(b) make clear that the purpose of the 1999 amendment was to permit the trial court to "certify" the "merits" judgment for immediate entry and appeal in some cases while retaining jurisdiction to address the separate issue of attorneys' fees.

¶ 20 Thus, the 1999 amendments clearly require that a determination regarding a claim for attorneys' fees is to be made only after a decision has been made on the merits of the cause. Typically, as pointed out in the first sentence of the comment to Rule 54(b), "the court will render its decision on attorneys' fees issues after the decision on the merits of the cause, but before the entry of judgment." In such a situation, Rules 54(g) and 58(g) function together in a straightforward manner. A party that had previously made a claim for attorneys' fees in its pleadings as required by Rule 54(g)(1) would file its motion for attorneys' fees within twenty days after the clerk's mailing of the merits decision pursuant to Rule 54(g)(2). The claim would then be determined according to the procedures set forth in Rule 54(g)(3). And, because Rule 58(g) directs that no judgment be entered until after the attorneys' fees issues are resolved, the jurisdictional problem identified in *Mark Lighting II* is avoided. *See Nat'l Broker Assoc., Inc. v. Marlyn Nutraceuticals Corp.*, 211 Ariz. 210, 216–18, ¶¶ 31–38, 119 P.3d 477, 483–85 (App. 2005) (recognizing that the amendments to Rules 54(b), 54(g), and 58(g) were "directly at odds" with appellant's reliance on *Mark Lighting II* and *Monti*).

¶ 21 But what happens when, as here, the decision on the merits of the cause is made contemporaneously with a signed order dismissing a case for lack of prosecution pursuant to Rule 38.1(d)? Does the trial court retain jurisdiction to consider a motion for attorneys' fees that is timely filed within the twenty-day limit of Rule 54(g)(2), as was the motion here, but outside the fifteen-day period for filing a post-judgment motion pursuant to Rule 59? According to the Britts, *Mark Lighting II* still controls this situation and the superior court therefore lacked jurisdiction to make an award of fees. We disagree.

¶ 22 As we have already stated, *Mark Lighting II* and *Monti* were decided before the 1996 and 1999 Rules amendments, at a time when an award of attorneys' fees was treated as inextricably tied to the underlying merits, and the merits and fee request constituted only one claim. Hence, the absence in a judgment of any reference to requested attorneys' fees was treated as a denial of the request, and a party whose request was thus denied was required by *Mark Lighting II* to file a post-judgment motion within fifteen days of the entry of judgment. But Rule 54(b) now treats a claim for attorneys' fees as a separate claim from the decision on the merits of the cause, and Rule 54(g)(2) directs a party to file a motion for attorneys' fees within twenty days following the clerk's mailing of the merits decision. And, as previously discussed, the defendants became the "successful party" only when the case was dismissed, which entitled them for the first time to file a motion for attorneys' fees under the current rules. Under these circumstances, it would defy reason to interpret the administratively generated order dismissing "all unadjudicated claims of [the] case without prejudice for lack of prosecution" as a *final* judgment that also served to dismiss defendants' claim for attorneys' fees, and then rely on *Mark Lighting II* to hold that the superior court lacked jurisdiction to grant attorneys' fees even though the motion was timely filed pursuant to Rule 54(g)(2). *Cf. White*, 455 U.S. at 451–52, 102 S.Ct. 1162 ("Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits-an inquiry that cannot even commence until one party has 'prevailed.'"). Instead, we conclude that the current rules supersede *Mark Lighting II* to the extent of any inconsistency between them. Thus, a trial court has jurisdiction to rule on *any* timely motion for attorneys' fees that falls within the scope of Rule 54(g). Because the defendants filed their motion for attorneys' fees on the twentieth day, the court had jurisdiction to rule on their request for attorneys' fees pursuant to A.R.S. § 12–341.01(A). Therefore, we affirm the court's award of attorneys' fees against the Britts.

¶ 23 We now consider whether the superior court abused its discretion by also holding Wymore, the Britts' attorney, jointly and severally responsible for the attorneys' fees as a sanction pursuant to Rule 11. Relying on *Monti*, which extended *Mark Lighting II* to all motions for attorneys' fees,

Wymore argues that the court lacked jurisdiction to sanction him after entry of the judgment dismissing the complaint. In addition, Wymore argues that, in any event, Rule 54(g)(4) provides that subparagraphs (1) through (3) of Rule 54(g) "do not apply to claims for fees and expenses as sanctions pursuant to statute or rule." Therefore, as we interpret his argument, Wymore is asserting that *Monti* is still good law even if *Mark Lighting II* is not. We disagree.

¶ 24 Our determination that the timing of attorneys' fees applications is now controlled by Rule 54(g) and not *Mark Lighting II* completely undercuts Wymore's argument. Nor does Rule 54(g)(4) provide an independent basis for *Monti's* continued applicability, although it makes the other provisions of Rule 54(g) inapplicable to sanction-based claims for attorneys' fees. Instead, we believe a more plausible interpretation is that Rule 54(g)(4) simply means what it says—that the court's discretion as to when motions for sanctions may be heard is not governed by Rule 54(g). For example, the non-applicability of Rule 54(g) means that a trial court may sanction conduct in violation of Rule 11 *before* the merits of the action have been determined. Indeed, a trial court may impose Rule 11 sanctions even when it never obtained jurisdiction to consider the merits of a case because a complaint had not been filed. *See Bryant v. Bloch Cos.*, 166 Ariz. 46, 49, 800 P.2d 33, 36 (App.1990) (holding that trial court had authority to impose sanctions against party that obtained *ex parte* temporary restraining order that was procedurally invalid because no complaint had been filed: "Nothing in Rule 11 purports to require the pendency of an action as a prerequisite to the imposition of sanctions."). We believe it also means that a court's jurisdiction to impose Rule 11 sanctions does not end at some arbitrary period of time following a decision on the merits or even the entry of judgment. By way of comparison, in federal courts, where applications for attorneys' fees (including fees requested as a Rule 11 sanction) have long been treated as collateral to a decision on the merits, the timeliness of such motions is within the discretion of the trial court. *See* comment on the 1983 amendment to the then-identical Federal Rule of Civil

Procedure 11 ("The time when sanctions are to be imposed rests in the discretion of the trial judge."). Thus, as the United States Supreme Court explained in *Cooter & Gell v. Hartmarx Corp.*, a federal district court can impose Rule 11 sanctions even after it no longer has jurisdiction to consider the merits of the case:

> Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.

496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

¶ 25 The lack of a specific time limit does not mean that there is no limit on when a Rule 11 motion should be filed. Although Federal Rule 11 does not provide a specific time within which a motion for sanctions must be filed, at least two federal circuit courts of appeal require that such motions be filed within a "reasonable time." *See Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 604 (1st Cir.1988) (holding that a motion filed two months after a voluntary dismissal was made "within a reasonable time"), *abrogated on other grounds by Cooter & Gell*, 496 U.S. at 405–06, 110 S.Ct. 2447; *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1080 (7th Cir.1987) (setting outer limit for filing Rule 11 motion for attorneys' fees sanction as the time permitted by local rule for requesting attorneys' fees). Moreover, the 1983 comment to the former federal rule provides additional guidance on the procedures that should be followed. First, a party seeking Rule 11 sanctions "should give notice to the court and the offending party promptly upon discovering a basis for doing so." Prompt notification will permit the offending party to take appropriate action to limit its exposure to additional sanctions. Second, the comment recommends that "in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions[,] at the

time when the motion is decided or shortly thereafter."

¶ 26 In this instance, we can decide the timeliness issue without dwelling on what might be a permissible "outer limit" for filing a Rule 11 motion generally. In their motion for sanctions, defendants, quoting Rule 11, asserted, and the superior court agreed, that the Britts' complaint against them was baseless and not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Under the circumstances of this case, in which the motion for Rule 11 sanctions was filed shortly following dismissal of the complaint and also within the time permitted for filing a motion for attorneys' fees pursuant to Rule 54(g), we cannot say that the court abused its discretion in finding that it was timely.

## CONCLUSION

¶ 27 We affirm the superior court's award of attorneys' fees to defendants. We also award defendants their reasonable attorneys' fees for the appeal pursuant to A.R.S. § 12–341.01(A) in an amount to be determined following their compliance with Arizona Rule of Civil Appellate Procedure 21.

CONCURRING: SUSAN A. EHRLICH and PATRICK IRVINE, Judges.