NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JACOB GITMAN, *Plaintiff/Appellant,*

*v.*

PATRICK SIMPSON, et al., *Defendants/Appellees.*

No. 1 CA-CV 21-0723
FILED 9-15-2022

Appeal from the Superior Court in Maricopa County
No. CV2019-09187
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Rose Law Group PC, Scottsdale
By Logan V. Elia, Olen V. Lenets
*Counsel for Plaintiff/Appellant*

Law Offices of Paul Weich, Tempe
By Paul M. Weich
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

**¶1** Jacob Gitman appeals from an award of attorney's fees pursuant to A.R.S. § 12-349(A)(1) for bringing a claim without substantial justification. He contends the award was error because his defamation lawsuit was dismissed without an adjudication on the merits and because the court denied the defendants' motion to dismiss under Rule 12(b)(6) of the Arizona Rules of Civil Procedure (Rules). Gitman also challenges several of the court's findings and the judge's continued participation in the case after reassignment to another judicial officer. We find the arguments without merit and affirm.

**¶2** Substantial justification for filing a claim must be evaluated on the legal and evidentiary support the party had at the time of filing, not based on how the claim is subsequently resolved. *See Takieh v. O'Meara*, 252 Ariz. 51, 62–63, ¶¶ 42–43 (App. 2021). Even if a claim withstands a motion to dismiss, that is not dispositive on the issue of whether the plaintiff had a reasonable expectation of prevailing when filing a complaint. *See Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012) (requiring the court to assume the truth of well-pleaded factual allegations). Neither a lack of adjudication on the merits nor a denial of a Rule 12(b)(6) motion precludes an award of attorney fees under A.R.S. § 12-349(A)(1) for bringing a claim without substantial justification. Because the record supports the court's award, we affirm.

**BACKGROUND**[1]

**¶3** This is the second appeal from the superior court's award of attorney's fees pursuant to A.R.S. § 12-349, following the dismissal of Gitman's defamation lawsuit. In his lawsuit, Gitman alleged an online news journal, The Stern Facts, had published an article entitled *Under Trump,*

---

[1] We view the evidence in the light most favorable to sustaining an award under A.R.S. § 12-349. *Takieh*, 252 Ariz. at 61–62, ¶ 39.

*Witness Protection has been infiltrated by the Russian Mafia*, containing defamatory statements about him. The article mentioned Gitman in connection with the Russian mafia, Michael Cohen, and various criminal schemes in Florida involving money, drugs, and fraud. Gitman alleged that he "[w]as working to open an aluminum plant in Arizona" and that the article had "impaired and impeded [his] valuable business opportunities in Arizona." Gitman sought damages and a declaration that the article was false and defamatory. He named several out-of-state corporations and individuals, including the article's author Patrick Simpson, and, in rem, the internet domain for The Stern Facts (Defendants) as defendants.

¶4        Defendants moved to dismiss for lack of personal jurisdiction, improper venue, and "failure to state a claim upon which relief can be granted." *See* Ariz. R. Civ. P. 12(b)(2), (3), (6). The superior court found that the Stern Facts article "[wa]s based upon public statements and investigations by the federal government, as well as public records" and that the causal connection between the article and Gitman's efforts to open the aluminum plant "[wa]s tenuous at best," but declined to dismiss under Rule 12(b)(6) because "it [wa]s not inconceivable that some relief could be granted." The court agreed that it lacked personal jurisdiction over Defendants and that venue was improper, however, and dismissed Gitman's complaint on those grounds.

¶5        Defendants then requested attorney's fees, taxable costs, and double damages, pursuant to A.R.S. § 12-349, arguing that Gitman's complaint lacked substantial justification when filed and was intended to harass them. The superior court awarded attorney's fees and costs pursuant to A.R.S. § 12-349 but declined to award damages, finding only that Gitman's lawsuit "was filed without substantial justification." Gitman appealed, and we vacated the fee award "[b]ecause the court failed to make the specific findings required by A.R.S. § 12-350." *Gitman v. Simpson*, 1 CA-CV 20-0536, 2021 WL 1885008, at *1, ¶ 1 (Ariz. App. May 11, 2021) (mem. decision).

¶6        On remand, after a routine reassignment of the case, the superior court issued new findings concluding that Gitman's claims lacked substantial justification in terms of merit, personal jurisdiction, and venue. On that basis, the court entered a new judgment awarding attorney's fees and costs pursuant to A.R.S. § 12-349(A)(1). Despite the case being administratively reassigned, the judge initially assigned to the case issued the rulings and judgment related to the award. Gitman appealed, again, challenging the A.R.S. § 12-349 award.

**DISCUSSION**

**¶7**        Gitman makes three arguments challenging the court's award. First, he contends the lack of adjudication on the merits and the denial of Defendants' Rule 12(b)(6) motion precluded an award under A.R.S. § 12-349(A)(1). Second, he contends the record does not support the superior court's findings. And third, he argues the first judicial officer should not have participated in the case after reassignment.

**¶8**        Under A.R.S. § 12-349, the court must award attorney's fees if the defendant proves the plaintiff or his attorney "[b]r[ought] . . . a claim without substantial justification." A.R.S. § 12-349(A)(1); *Phx. Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 244 (App. 1997) (burden on proponent). "A claim lacks substantial justification when it is both 'groundless' and 'not made in good faith.'" *Takieh*, 252 Ariz. at 61, ¶ 37 (quoting A.R.S. § 12-349(F)). "A claim is groundless if the proponent can present no rational argument based upon the evidence or law in support of that claim." *Id.* (quotation omitted). A claim is not made in good faith when a "litigant was aware that a particular pleading should not have been brought." *Gilbert v. Bd. of Med. Exam'rs*, 155 Ariz. 169, 180 (App. 1987). Groundlessness is an objective inquiry, but a subjective standard applies to the bad-faith inquiry. *Takieh*, 252 Ariz. at 61, ¶ 37.

**¶9**        If the court awards fees under this statute, it must make express findings about the reasons for the award, "though the findings need only be specific enough to allow a reviewing court to test the validity of the judgment." A.R.S. § 12-350; *Rogone v. Correia*, 236 Ariz. 43, 50, ¶ 22 (App. 2014). We review the application of A.R.S. § 12-349 de novo, but we review the superior court's factual findings and legal conclusions for clear error. *See Goldman v. Sahl*, 248 Ariz. 512, 531, ¶ 65 (App. 2020).

**I.        Award Under A.R.S. § 12-349(A)(1) Without Adjudication on the Merits, After Denial of Rule 12(b)(6) Motion**

**¶10**        Gitman contends a court cannot find a claim groundless absent an adjudication on the merits. In the alternative, he contends a claim cannot be groundless if it withstands a Rule (12)(b)(6) motion to dismiss. Both contentions are without merit. Courts must evaluate substantial justification based on a party's legal and evidentiary support when the claim was filed. *See Takieh*, 252 Ariz. at 62–63, ¶¶ 42–43 (rejecting disparaging remarks as a factual predicate for defamation claim because statements were made months after filing); *see also* A.R.S. § 12-349(A)(1) (mandating award when attorney or party "*[b]rings* . . . a claim without

4

substantial justification" (emphasis added)). A claim is groundless if it was groundless when filed; it does not cease to be groundless if the court or the plaintiff later dismisses it on procedural grounds.[2] Whether a defendant prevails on the merits is irrelevant to whether the plaintiff had a legal and factual basis to bring his claim in the first place. *See Compassionate Care Dispensary, Inc. v. Ariz. Dep't of Health Servs.*, 244 Ariz. 205, 216, ¶ 37 (App. 2018).

¶11            The cases Gitman cites in support of his argument, including *Monti v. Monti*, do not alter this conclusion. 186 Ariz. 432 (App. 1996). In that case, we stated:

> A party whose claim is groundless cannot prevail on the merits, for a groundless claim has no merit. *Only the party who prevails on the merits can seriously argue that the other's claim was groundless*. A trial court cannot make a finding of "groundlessness," nor can an appellate court review such a finding, without considering the merits of the challenged claim.

*Id.* at 435 (emphasis added). But the issue in *Monti* was not whether an award under A.R.S. § 12-349(A)(1) requires an adjudication on the merits; it was whether the superior court might make such an award after entry of final judgment. *Id.* at 433 (holding court lacked jurisdiction to make award after directing verdict for plaintiff and entering final judgment). The *Monti* court did not need to consider the universe of pre-trial procedural postures in which parties may request an award under A.R.S. § 12-349(A)(1). For instance, a defendant would not be barred from seeking sanctions under A.R.S. § 12-349(A)(1) if the plaintiff voluntarily dismissed a frivolous lawsuit weeks before trial. We agree with *Monti* that "a groundless claim has no merit" and that A.R.S. § 12-349(A)(1) requires courts to consider the merits of a claim. We disagree with *Monti*, however, to the extent it suggested a court must first adjudicate the lack of merit in a separate ruling.

¶12            A court's denial of a Rule 12(b)(6) motion to dismiss is likewise not dispositive on whether a claim was groundless at the time it was filed. First, post-filing developments may give a plaintiff additional

---

[2]            As explained below, we resolve this case based on the substantive merit of Gitman's claims. Therefore, we need not decide whether A.R.S. § 12-349(A)(1) permits a fee award when a claim is substantively meritorious but procedurally frivolous.

legal or evidentiary support that could insulate a groundless claim from dismissal. But A.R.S. § 12-349 does not permit plaintiffs to rely on "supposition and speculation" about changes in the law or unforeseeable factual discoveries. *Takieh*, 252 Ariz. at 63, ¶ 43. Second, in a motion to dismiss, the parties may fail to bring legal or factual gaps to the court's attention. The defendant's failure to prevail on a motion to dismiss does not preclude him from later prevailing on a meritorious request for attorney's fees under A.R.S. § 12-349. *Cf. Compassionate Care Dispensary, Inc.*, 244 Ariz. at 216, ¶ 37 ("The mere fact that a [plaintiff] is ultimately unable to sustain its claims in defense of a motion for summary judgment does not automatically equate to a determination that the complaint itself was frivolous, unjustified, or put forth for an improper purpose."). Third, and perhaps most importantly, the inquiries under Rule 12(b)(6) and A.R.S. § 12-349(A)(1) are different and may compel different results.

¶13 When considering a motion to dismiss under Rule 12(b)(6), the court must consider whether any reasonable interpretation of the well-plead facts, if proven true, could warrant relief. *Coleman*, 230 Ariz. at 356, ¶¶ 8–9. At the dismissal stage, the court does not consider whether the plaintiff can prove the alleged facts. *See id.* (explaining "courts must assume the truth of all well-pleaded factual allegations"). In contrast, when considering whether a claim is groundless under A.R.S. § 12-349(A)(1), the question is whether the plaintiff "can present [any] rational argument based upon *the evidence* or law in support of that claim." *Takieh*, 252 Ariz. at 61, ¶ 37 (emphasis added and quotation omitted). Under that standard, the court must consider whether the plaintiff, at the time of filing, had a reasonable expectation of proving the necessary facts at trial. *See id.* at 62–63, ¶¶ 42–43.

¶14 Considering the two standards, a claim may withstand a motion to dismiss and still be groundless, for instance, if the facts alleged warrant relief, but counsel had no reasonable expectation of supporting those facts with admissible evidence. Because of this, a court's denial of a motion to dismiss under Rule 12(b)(6) does not preclude a later award of attorney's fees under A.R.S. § 12-349(A)(1) if the court determines the claims were filed without substantial justification.

## II.  Factual Findings

¶15 The superior court concluded Gitman's claims were groundless and brought in bad faith in terms of substantive merit, personal jurisdiction, and venue. Gitman argues the record does not support the court's findings. Because we find no clear error in the conclusion that

Gitman lacked substantive justification for his claims, we need not address his arguments about jurisdiction and venue. We review the court's conclusion that Gitman's claims were substantively groundless and brought in bad faith.

### A. Groundlessness

¶16 Gitman argues that no evidence supports the superior court's conclusion that his claims were substantively groundless. The court's conclusion was rooted in Gitman's inability to prove the essential elements of his defamation claim.

¶17 To recover for defamation, a plaintiff must prove (1) that the defendant made a false statement, (2) that the statement was defamatory, and (3) that the defendant published the statement to a third party, (4) with the requisite level of fault, (5) causing damages. *See Dombey v. Phx. Newspapers, Inc.*, 150 Ariz. 476, 480–81 (1986); *Peagler v. Phx. Newspapers, Inc.*, 114 Ariz. 309, 315–16 (1977). A plaintiff who is a private figure need only prove the defendant negligently published the statement; a public figure must prove actual malice, meaning reckless or knowing disregard of the truth, by clear and convincing evidence. *Dombey*, 150 Ariz. at 480–81, 487. Damages may be presumed for statements that are defamatory per se, or facially defamatory. *See Boswell v. Phx. Newspapers, Inc.*, 152 Ariz. 1, 6 n.4 (App. 1985) (supplement by 152 Ariz. 9 (1986)). But if the defamatory statements involve matters of public concern, a plaintiff must prove actual malice to recover presumed damages; otherwise, proof of actual damages is required. 152 Ariz. at 19.

¶18 Here, Gitman is a private figure. *See Dombey*, 150 Ariz. at 484 (explaining that a person does not become a public figure merely by "doing business with the government, being swept up in a controversy over an issue of public interest or concern, [and] being named in articles creating a public controversy"). And the statements at issue are arguably defamatory per se because they involve crimes of dishonesty and fraud. *See Boswell*, 152 Ariz. at 6 n.4; Restatement (Second) of Torts § 571 cmt. g (1977). But the statements concerned matters of public interest, namely Gitman's involvement in an international criminal syndicate and his association with Michael Cohen, whom the superior court described as "an infamous attorney closely tied to Donald Trump." As such, Gitman needed to prove actual damages or malice, the latter by clear and convincing evidence. *Cf. Dombey*, 150 Ariz. at 481. But the superior court's findings suggested Gitman lacked proof of either. The court found that the aluminum plant had been granted an air quality permit, after the publication of the Stern

Facts article, and that a "rezoning permit was denied without any factual basis that the article was considered in any way by the [zoning commission]"—presumably based on review of a transcript from a zoning hearing.[3] Further, the court found that public statements, investigations, and records provided a basis for the Stern Facts article—presumably based on a review of the article itself.

¶19        Gitman argues the transcript was not in the record, but the superior court may take judicial notice of matters not reasonably disputed. Ariz. R. Evid. 201(b). A transcript from a zoning hearing falls within that ambit, and Gitman cites no authority to the contrary. Gitman also contends it was premature to draw conclusions about the factual basis for the article. An article's sources are relevant to the actual malice inquiry, and the article itself is evidence of what kind of investigation an author conducted before publishing. *See, e.g.*, *Biro v. Conde Nast*, 807 F.3d 541, 545 (2d Cir. 2015) (noting that a plaintiff could allege malice if the defendant provides no source for defamatory statements, if the source is unreliable, or if there are obvious reasons to doubt the veracity of source's information).

¶20        More importantly, the court did not find that the pleadings disproved Gitman's defamation claim. Rather, the court's findings show that Gitman lacked evidence to prove his claim, which is reasonably supported by the record. Gitman's complaint contained only vague damage allegations and conclusory allegations of actual malice. Gitman argued he "c[ould] prove" the Stern Facts article had "hindered" his efforts to build the aluminum plant, but he offered no indication of how he planned to produce evidence to substantiate that claim. Regarding malice, Gitman pointed to the Stern Facts article's timing:

> Plaintiff's plans for the Arizona aluminum plant first went public *the same day* that [the a]rticle was published. This could be a wild coincidence. However, Plaintiff perceived the timing of the defamatory publication as a direct attempt to stifle his business ventures in Arizona.

Although actual malice can be inferred from objective facts, *Scottsdale Publ'g, Inc. v. Superior Court*, 159 Ariz. 72, 84 (App. 1988), the timing of the Stern Facts article does not support such an inference. To prove actual

---

[3] Gitman also contends the superior court falsely stated that he was granted the zoning permit. That argument misconstrues the record because the court amended its findings about the permitting history.

malice, a plaintiff must offer facts to show either that the defendant "actually had a high degree of awareness of [the statement's] probable falsity" or that "the circumstances surrounding publication [provided] obvious reasons to doubt . . . [its] accuracy." *Masson v. New Yorker Mag., Inc.*, 960 F.2d 896, 900 (9th Cir. 1992) (quotation omitted). The coincidental timing of the Stern Facts article does nothing to establish Defendants' actual or constructive awareness of any falsity in the article. At most, it raises an inference about their desire to block the development of the aluminum plant. But intent to harm is insufficient to prove actual malice as a matter of law. *See Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 666–67, 666 n.7 (1989) (explaining actual malice confusingly has "nothing to do with bad motive or ill will").

¶21        In sum, nothing in the record suggests Gitman had a reasonable expectation of proving actual damages or malice. Because Gitman needed to establish at least one of the two, the superior court did not clearly err by concluding he lacked a rational basis for filing his defamation claims.[4]

### B.        Bad Faith

¶22        Gitman argues the record does not support the superior court's conclusion that he brought his claims in bad faith. Bad faith may be determined from witness testimony or affidavits, a party's filings, and counsel's representations. *See Takieh*, 252 Ariz. at 62–63, ¶ 39 n.5, ¶¶ 40–43 (affirming award based on counsel's filings, affidavit, and arguments). Contrary to Gitman's argument, the court need not hold an evidentiary hearing before finding a claim was brought in bad faith.[5] *See id.*

¶23        Here, the superior court found Gitman filed his claims in bad faith for two reasons. First, the court found Gitman had no evidence of a causal link between the Stern Facts article and any damage to the aluminum plant planning. Second, the court found Gitman's counsel failed to "avail[] himself" of facts concerning the alleged causal connection, suggesting he could have reviewed the transcript from the zoning hearing or interviewed committee members before filing the lawsuit. *See* A.R.S. § 12-350(1) ("The

---

[4]        Gitman has not argued, and we therefore need not decide, whether his claim for declaratory relief was independently meritorious.

[5]        To the extent Gitman argues his due process rights were violated, that argument is waived because he fails to develop it or provide citations to legal authority. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009).

extent of any effort made to determine the validity of a claim before the claim was asserted."), (3) ("The availability of facts to assist a party in determining the validity of a claim or defense."). The record supports the court's analysis.

**¶24** The record also supports the court's conclusion that Gitman lacked a good-faith basis for his damage allegations. As discussed above, Gitman never presented any facts to show why he "believe[d]" the Stern Facts article had interfered with the aluminum plant's development. The record discloses Gitman's actual malice allegation was rooted only in "supposition and speculation." *Cf. Takieh*, 252 Ariz. at 63, ¶ 43.

**¶25** The record also supports the superior court's finding that Gitman's counsel failed to conduct an adequate pre-litigation investigation. Gitman's counsel argued that he had performed online research into Defendants' identities and their post-article statements to determine jurisdiction and venue. But counsel needed a good-faith basis for his substantive allegations, and there is simply no indication he had one. *See* Ariz. R. Civ. P. 11(b)(3) ("By signing a pleading . . . , the attorney or party certifies that to the best of the person's knowledge, information, and belief formed after reasonable inquiry . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]").

**¶26** In sum, the record supports the superior court's conclusion that Gitman lacked a good-faith basis and failed to conduct a reasonable investigation into the substantive allegations in his complaint before filing. Therefore, the court did not err in concluding Gitman lacked a good-faith basis for his defamation claims.

## III.    Involvement of the Original Assigned Judge

**¶27** Citing Rule 3.1 of the Local Rules of Practice for the Maricopa County Superior Court and *In re Hendrix*, Gitman contends that it was improper for the judge originally assigned to the case to make decisions about the fee award after the case had been administratively transferred to another judicial officer. *See* Ariz. Local R. Prac. Super. Ct. (Maricopa) 3.1(b) ("All cases . . . shall be assigned . . . to a civil trial calendar which will thereafter process the case to conclusion unless the case is otherwise assigned by the Presiding Judge . . . ."); *see also* 145 Ariz. 345, 345–47, 350 (1985) (censuring judge for entering ex parte orders in a criminal case not assigned to her at the request of her clerk, who had a personal interest in the case). As a threshold matter, Gitman may have waived this argument

because, in the superior court, he argued only that "[i]t may have been inappropriate" for the original judge to continue ruling in the case. That ambiguous wording gave the court no reason to consider his argument. *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386, ¶ 12 (App. 2011) (explaining that argument is waived on appeal if not presented to the superior court so it "may have an opportunity to address [the] issue[] on [its] merits.").

¶28　　　Waiver aside, and even assuming impropriety, Gitman has shown no prejudice, so there is no reason to vacate the superior court's award. *See Creach v. Angulo*, 189 Ariz. 212, 214 (1997) (explaining error is reversible only if prejudicial to substantial rights of party). The court's findings support the award of attorney's fees and are supported by the record. It matters not who made the findings.

¶29　　　Gitman goes on to argue that the original judge's involvement gave "the appearance of personal animosity." That argument is contrary to the well-established rule that a judge's actions in a case do not prove bias. *See Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 63, ¶ 29 (App. 2010). Moreover, the new judicial officer warned the parties that she would confer with the originally assigned judge, and neither party objected. That was a reasonable approach, given the initial lack of findings, because only the original judge would know the specifics of why he determined Gitman's claims lacked justification in the first place. When put on notice, Gitman did not object to the original judge's participation, only to his entry of orders. And, on these facts, we find no error.

## CONCLUSION

¶30　　　For the reasons above, we affirm. Defendants request their taxable costs and attorney's fees on appeal, as well as double damages, pursuant to A.R.S. §§ 12-342 and 12-349. As the prevailing party, Defendants are entitled to recover their taxable costs pending their compliance with ARCAP 21. Gitman's appeal was not without substantial

justification, however, and there is no indication he appealed primarily for delay or harassment. *See* A.R.S. § 12-349(A)(1), (2). Therefore, we decline to award attorney's fees or double damages pursuant to A.R.S. § 12-349.



AMY M. WOOD • Clerk of the Court
FILED:    AA