216 P.2d 413

**AMERICAN NAT. INS. CO. v. CALDWELL.**

No. 5122.

Supreme Court of Arizona.

April 3, 1950.

Gust, Rosenfeld, Divelbess, Robinette & Linton, Phoenix, for appellants.

Darrel R. Parker, Phoenix, for appellee.

DE CONCINI, Justice.

Appellee, Mary Lee Caldwell, plaintiff below, widow of Boley H. Caldwell, hereinafter called deceased, instituted action against American National Insurance Company, appellant, hereinafter called defendant, to recover on a policy of life insurance issued by defendant on life of deceased. Defendant denied liability on ground that deceased knowingly made material misrepresentation of facts in his application for said insurance; that said application was a part of his policy, and such misrepresentation constituted fraud, voiding the policy. Defendant tendered in court amount of premiums collected.

A jury verdict of $1,000 and judgment rendered thereon in favor of plaintiff was entered in the trial court. Upon denial of motion for a new trial defendant appealed.

There was no dispute in the evidence adduced at the trial. Plaintiff was the only witness called. Defendant introduced the deposition of one witness. All other matters were stipulated to by the parties, including the following: "1. That if the defendant company at the time of the issuance of the policy sued upon, or prior to the issuance of said policy, had been advised that the insured, Boley H. Caldwell,

had been treated in October or November, 1944, for an ulcer condition and had secured X-Ray examination that disclosed an active duodenal ulcer, the company would not have issued the policy which was issued to Boley H. Caldwell."

Defendant appealed on the grounds that the uncontradicted evidence showed that deceased knew and did not disclose in his application for insurance that he had within the past year been treated for duodenal ulcer; and that failure to disclose same to defendant amounted to fraud which voided the policy.

The law is well settled in this state that failure to disclose material facts with no intent to deceive, in an application for a life insurance policy where the insured knew of those facts at the time of his application, constitutes legal fraud and voids the policy. Greber v. Equitable Life Assurance Society, 43 Ariz. 1, 28 P.2d 817; Illinois Bankers' Life Ass'n v. Theodore, 44 Ariz. 160, 34 P.2d 423; Sovereign Camp, W. O. W. v. Sandoval, 47 Ariz. 167, 54 P. 2d 557; First Nat. Ben. Soc. v. Fiske, 55 Ariz. 290, 101 P.2d 205.

There is no question that deceased did not disclose to defendant that he had a duodenal ulcer, the only question is did he know that he was afflicted with such an ulcer?

The trial court instructed the jury to make an answer to the following interrogatory:

"Did the deceased, Boley H. Caldwell have knowledge that he had been treated for a duodenal ulcer condition prior to his application to the defendant?

"If your answer is yes, you are instructed that you must render a verdict for the defendant on plaintiff's complaint and for the defendant on defendant's counterclaim. If your answer to the interrogation is no, you are instructed that you must find for the plaintiff on the plaintiff's complaint and for the plaintiff on the defendant's counterclaim."

The jury answered the interrogatory "No" and found for the plaintiff.

The deposition of Dr. Frank W. Edell, a qualified physician, was introduced and read to the jury on behalf of the defendant. Dr. Edell was the deceased's physician for the treatment of duodenal ulcer prior to his application for the insurance policy herein sued upon.

Dr. Edell testified as follows:

"Q. * * * Now, Doctor, in the history when you first talked to patient did he inform you that he had been treated for duodenal ulcer prior to that time? A. His statement was that he had a duodenal ulcer one year ago.

* * * * * *

"Q. Did you receive a report from the Pathological Laboratory as to the result of that examination on Mr. Caldwell? A. I have the report on this abstract here from Dr. Watkins.

"Q. What did the report show? A. The report showed a large post pylocric ulcer, which was the primary condition. There was also a diverticuli of the ascending colon and the first part of the transverse colon.

\*   \*   \*   \*   \*   \*

"Q. Did you inform Mr. Caldwell of the laboratory report of the Pathological Laboratory after you received it? A. I read it to him completely and went over the X-ray pictures with him on our reading mirror in the office."

There was no evidence to the contrary introduced at the trial. Under the circumstances the case should not have been given to the jury because the only evidence, and that of a disinterested unimpeached witness, was that the deceased did know of his ulcerous condition at the time of his application for the policy.

In Re Gary's Estate, 69 Ariz. 228, 211 P.2d 815, 819, this court said:

"\* \* \* We heretofore held 'but they (triers of the facts) may not arbitrarily reject uncontradicted evidence when nothing intrinsic in the evidence itself or extrinsic in the circumstances of the case casts suspicion thereon.' (Citing cases.) We further held 'for the commission (triers of fact) may not arbitrarily disregard the only reasonable inference which can be drawn from uncontradicted testimony.' Wiggins v. Pratt-Gilbert Hardware Co., 48 Ariz. 375, 62 P.2d 124, 126. \* \* \*

\*   \*   \*   \*   \*   \*

"\* \* \* If the evidence is uncontradicted, this court is not bound by the conclusions of the lower court in deciding against the evidence. (Citing cases.)"

Under the circumstances the court should have directed a verdict in favor of the defendant.

Judgment reversed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concurring.