762 P.2d 1334

**Isabel HARRIS, widow, Plaintiff–Appellant–Cross Appellee,**

**and**

**Jack Colaric, Non–Party Appellant,**

v.

**RESERVE LIFE INSURANCE COMPANY, a Texas corporation, Defendant–Appellee–Cross Appellant.**

**No. 1 CA–CIV 9364.**

Court of Appeals of Arizona, Division 1, Department D.

May 17, 1988.

Review Denied Nov. 8, 1988.

---

Ely, Bettini & Ulman by Herbert L. Ely and Eileen S. Willett, Phoenix, for plaintiff-appellant-cross appellee.

Gene G. Gulinson, Phoenix, for defendant-appellee-cross appellant.

## OPINION

FROEB, Judge.

Plaintiff–Appellant–Cross Appellee Isabel Harris and her attorney, Jack Colaric (hereinafter "Harris" and "Colaric"), appeal from a judgment awarding Defendant–Appellee–Cross Appellant Reserve Life Insurance Company (hereinafter "Reserve") attorney's fees of $17,840 ($4,460 against Harris and $13,380 against Colaric) pursuant to A.R.S. § 12–349(A) and (B) and costs of $1,470.39. Reserve cross appeals from the trial court's refusal to grant it attorney's fees against Harris under rule 41(a)(2), Arizona Rules of Civil Procedure, and A.R.S. § 12–341.01(A) and (B). Although Colaric was not a named party in the trial court proceedings, he appears in this appeal as a nonparty appellant in order to challenge the judgment for attorney's fees entered against him.

## FACTS AND PROCEDURAL HISTORY

On January 3, 1985, Harris instituted a breach of contract action against Reserve as the beneficiary of her deceased husband's life insurance policy to secure payment of a $25,000 death benefit. The complaint was served upon Reserve on August 28, 1985, and discovery ensued. On October 23, 1985, Reserve filed an answer denying liability on the policy. Further, Reserve affirmatively pled that no valid contract of insurance had ever been in force because the deceased had made material misrepresentations regarding prior medical treatment on his application for insurance.

On November 20, 1985, Colaric interviewed Dr. Carolyn Gerster, and learned, contrary to the representations made by the deceased on his insurance application, that Dr. Gerster had diagnosed and treated the deceased for a liver condition within a five-year period prior to his death. Dr. Gerster confirmed, in her deposition testimony on January 29, 1986, that she had treated the deceased for various medical problems. Based on this testimony, Reserve filed a motion for summary judgment. On March 19, 1986, the day Harris' response to Reserve's motion for summary judgment was due, Colaric moved, pursuant to rule 41, Arizona Rules of Civil Procedure, to voluntarily dismiss the complaint without prejudice. The trial court granted the voluntary dismissal and awarded Reserve attorney's fees and costs. This appeal followed.

## PROPRIETY OF THE A.R.S. § 12–349 ATTORNEY'S FEES AWARD

The version of A.R.S. § 12–349 in effect at the time Harris commenced this action provided in pertinent part as follows:

A. Except as otherwise provided by and not inconsistent with another statute, in any civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorney fees against an attorney or party, ... if the attorney or party does any of the following:

(1) Brings or defends a claim without substantial justification.

. . . .

B. The court may allocate the payment of attorney fees among the offending attorneys and parties, jointly or severally, and may assess separate amounts against an offending attorney or party.

C. Attorney fees shall not be assessed if after filing an action a voluntary dismissal is filed for any claim or defense within a reasonable time after the attorney or party filing the dismissal knew or reasonably should have known that the claim or defense was without substantial justification.

. . . .

F. In this section, 'without substantial justification' means that the claim or defense constitutes harassment, is groundless and not made in good faith.

A.R.S. § 12–350 requires the court to set forth the specific reasons for any attorney fee award pursuant to A.R.S. § 12–349, and enumerates the following eight factors the court may consider, if relevant, in entering a § 12–349 award:

1. The extent of any effort made to determine the validity of a claim before the claim was asserted.

2. The extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid.

3. The availability of facts to assist a party in determining the validity of a claim or defense.

4. The relative financial positions of the parties involved.

5. Whether the action was prosecuted or defended, in whole or in part, in bad faith.

6. Whether issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict.

7. The extent to which the party prevailed with respect to the amount and number of claims in controversy.

8. The amount and conditions of any offer of judgment or settlement as related to the amount and condition of the ultimate relief granted by the court.

Harris and Colaric argue that the attorney's fees award pursuant to A.R.S. § 12–349 was in error because Harris' claim was not initially brought without substantial justification; and, upon later learning that it lacked substantial justification, Harris filed a voluntary dismissal within a reasonable time.

In awarding attorney's fees to Reserve, the trial judge expressly found that Harris' claim was brought without substantial justification. No other findings were made. In reviewing the trial court's judgment, we must view the evidence in a manner most favorable to sustaining it and if, in so do-

ing, it is necessary to resolve conflicts in the evidence, we must accept as fact that evidence which supports the judgment. *Davis v. Tucson Arizona Boys Choir Society*, 137 Ariz. 228, 669 P.2d 1005 (App. 1983). Therefore, in the present case, we must resolve all conflicts in favor of Reserve and affirm the trial court's award of attorney's fees pursuant to A.R.S. § 12–349 if there is any evidence to support the judgment. We note in passing that this case does not involve a consideration of rule 11, Arizona Rules of Civil Procedure, since it was not urged before this court or the trial court. Rule 11, of course, deals with some of the same issues as A.R.S. § 12–349.

■ In conclusion we hold that the trial court had sufficient evidence upon which to determine that plaintiff's claim was brought without substantial justification. When Colaric filed suit, he had in his possession Ralph Harris' medical records from Dr. Gerster showing probable fatty metamorphosis of the liver in 1974 and in 1976. Therefore, he knew or should have known at the time he filed suit that the application for insurance falsely stated that the only consultation or examination by any physician within the previous five years was a general physical conducted by Dr. Gerster in February of 1977. He also knew that the death certificate showed that Ralph Harris had an "alcoholic liver." Thus, the trial court did not abuse its discretion in finding that Colaric filed suit when he knew, or should have known, that the claim was unjustified. Colaric's argument that he had a reasonable basis for filing suit because he believed Reserve had to prove an actual intent on the decedent's part to deceive the company in order for the company to avoid its obligations under the policy is contrary to law and consequently unjustified. *See American Nat'l Ins. Co. v. Caldwell*, 70 Ariz. 78, 79, 216 P.2d 413, 414 (1950).

While the chronology of events was not disputed in the trial court, the inferences to be drawn from those events were disputed. It is for the trial court, not this court, to resolve those conflicts. A decision is

discretionary because it is based on an assessment of conflicting procedural, factual or equitable considerations which vary from case to case and which can be better determined or resolved by the trial judge, who has a more immediate grasp of all the facts of the case, an opportunity to see the parties, lawyers and witnesses, and who can better assess the impact of what occurs before him. Where a decision is made on that basis, it is truly discretionary and we will not substitute our judgment for that of the trial judge; we will not second guess. Where, however, the facts or inferences from them are not in dispute and where there are few or no conflicting procedural, factual or equitable considerations, the resolution of the question is one of law or logic. Then it is our final responsibility to determine law and policy and it becomes our duty to 'look over the shoulder' of the trial judge and, if appropriate, substitute our judgment for his or hers. *State v. Chapple*, 135 Ariz. 281, 297, n. 18, 660 P.2d 1208, 1224, n. 18 (1983) (citations omitted). If the trial court has rendered the correct decision for any reason apparent in the record, we will affirm. *City of Phoenix v. Geyler*, 144 Ariz. 323, 697 P.2d 1073 (1985).

The trial court considered the factors set forth in A.R.S. § 12–350 and determined that an award of attorney's fees was proper pursuant to A.R.S. § 12–349. The court determined that the true facts were always available to Colaric, enabling him to determine the validity of the claim, and that Harris herself was aware of her husband's condition. The relative financial position of the parties involved was considered as well, as is evidenced by the trial court's allocation of the bulk of the attorney's fees against Colaric rather than Harris. Further, Colaric's disregard of the misrepresentations made by the deceased on his application for insurance supports an inference of bad faith. Additionally, even if the medical records in Colaric's possession at the time he filed suit did not reveal that Dr. Gerster had actually informed Ralph Harris of his liver condition, Dr. Gerster testified that Harris herself was aware of this

fact. Thus the trial court's resolution of this conflicting factual issue in Reserve's favor is well supported. Finally, although the dismissal was without prejudice, Harris obtained none of the relief she sought in her complaint. We conclude that the trial court properly considered the factors set forth in A.R.S. § 12–350 in determining that Harris' claim was brought without substantial justification and that the facts amply support this conclusion.

■ The inquiry does not end here, however, for even if a claim is brought without substantial justification, attorney's fees will not be assessed pursuant to A.R.S. § 12–349 if the party voluntarily dismisses his claim within a reasonable time after learning the claim is unjustified. A.R.S. § 12–349(C). Because the determination of what is reasonable varies with the circumstances, we believe this determination falls within the exercise of the trial court's sound discretion. We find no abuse of discretion in the determination that a four-month delay in filing the motion to dismiss was unreasonable, particularly in light of the fact that Colaric did not file the motion until time to respond to Reserve's motion for summary judgment was about to expire and then vacillated in his decision to dismiss even after his motion had been filed. Colaric offered no explanation as to why it took Harris from February 24, 1986, the date he received a copy of Dr. Gerster's deposition, until March 18, 1986, to read the deposition and agree to dismiss her complaint. Such conduct could reasonably be construed to be a lack of diligence, and, in fact, unreasonable under the circumstances, particularly since no new facts were developed between Colaric's conversation with Dr. Gerster in November of 1985 and the final decision to dismiss in late March of 1986.

Harris and Colaric further argue that even if the award of attorney's fees under § 12–349 was proper, the amount awarded was exorbitant and unreasonable and, therefore, should be reduced. They argue particularly about the additional $8,620 in fees incurred after Colaric allegedly informed Reserve on January 29, 1986, that he intended to recommend the case be dismissed. These fees were apparently incurred in preparation of the motion for summary judgment.

■ The determination of whether the amount of attorney's fees awarded is reasonable is a matter peculiarly within the discretion of the trial court, *Woliansky v. Miller,* 146 Ariz. 170, 704 P.2d 811 (App. 1985), and will not be disturbed absent a showing of abuse of that discretion. A trial court abuses its discretion when no reasonable basis exists in the record from which the trial judge could award attorney's fees. *Associated Indemnity Corporation v. Warner,* 143 Ariz. 567, 694 P.2d 1181 (1985). Even fees in excess of the amount in dispute are not *per se* unreasonable. *Wagner v. Casteel,* 136 Ariz. 18, 663 P.2d 1020 (App.1983).

■ Reserve submitted an itemized bill detailing the activity of its counsel in defending Reserve. Harris and Colaric offer no evidence of abuse of discretion other than the amount of the award. Such does not support the finding that the trial court abused its discretion. The itemized statement provided by Reserve provides a reasonable basis on which the trial court could award attorney's fees in the amount that it did.

This court will not consider issues and theories not presented in the trial court. *Richter v. Dairy Queen of Southern Arizona, Inc.,* 131 Ariz. 595, 643 P.2d 508 (App.1982). Thus, we do not consider whether A.R.S. § 12–349 should be applied when an alternate statute, A.R.S. § 12–341.01, also provides for attorney's fees in this situation.

## PROPRIETY OF AWARD OF COSTS

The judgment awarded Reserve costs in the amount of $1,479.39. The judgment is silent as to the basis of this award. Harris argues that the award of costs is improper under A.R.S. § 12–341 because Reserve was not the successful party. Reserve argues that costs are appropriate in the context of a dismissal, and also under the court's power to impose terms and condi-

tions upon a voluntary dismissal under rule 41.

We have held that when a plaintiff's complaint is dismissed because of plaintiff's failure to prosecute, the defendant may be considered the successful party for purposes of recovering costs pursuant to A.R.S. § 12–341. The fact that the action is dismissed without prejudice and that plaintiff can refile is not relevant. *Mark Lighting Fixture Company, Inc. v. General Electric Supply Company*, 155 Ariz. 65, 745 P.2d 123, *vacated on other grounds*, 155 Ariz. 27, 745 P.2d 85 (1987). We find the record supports the award of costs to Reserve.

### RESERVE'S CROSS APPEAL

Because we have found the trial court's imposition of costs and attorney's fees proper under A.R.S. § 12–341 and § 12–349, it is unnecessary to consider Reserve's argument that it was also entitled to an award of fees under A.R.S. § 12–341.01 and rule 41(a)(2).

### ATTORNEY'S FEES AND COSTS ON APPEAL

Both parties have requested attorney's fees and costs on appeal. We deny Harris' and Colaric's request and grant Reserve's request pursuant to A.R.S. § 12–341.01 and § 12–342 in an amount to be determined pursuant to rule 21(c), Arizona Rules of Civil Appellate Procedure.

GRANT and CONTRERAS, JJ., concur.