
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUENOS LLC, an Illinois limited liability company,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>DIANE GOLDMAN, a New Jersey individual,<br><br>    Defendant - Appellant. | No. 13-16906<br><br>D.C. No. 2:10-CV-01034-TL<br><br><br>MEMORANDUM[*] |
| SUENOS LLC, an Illinois limited liability company,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>DIANE GOLDMAN, a New Jersey individual,<br><br>    Defendant - Appellant. | No. 13-17502<br><br>D.C. No. 2:10-CV-01034-TL |

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| SUENOS LLC, an Illinois limited liability company,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DIANE GOLDMAN, a New Jersey individual,<br><br>Defendant,<br><br>And<br><br>LAWYERS TITLE OF ARIZONA INCORPORATED, an Arizona corporation, as successor-in-interest to Land America Capital Title Company, a Virginia corporation,<br><br>Defendant - Appellant,<br><br>NEIL BROOKS,<br><br>Defendant - Appellee. | No. 13-17566<br><br>D.C. No. 2:10-CV-01034-TL |
| SUENOS LLC, an Illinois limited liability company,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>DIANE GOLDMAN, a New Jersey individual; et al., | No. 13-17616<br><br>D.C. No. 2:10-CV-01034-TL |

2

Defendants - Appellees.

Appeal from the United States District Court
for the District of Arizona
Tim Leonard, Senior District Judge, Presiding

Argued and Submitted October 19, 2015
San Francisco, California

Before: WALLACE, D.W. NELSON, and CLIFTON, Circuit Judges.

Suenos, LLC appeals and Diane Goldman cross-appeals the district court's judgment following the grant of partial summary judgment and a jury trial stemming from the collapse of a real estate deal to purchase a condominium (the Property) in Arizona.  Lawyers Title of Arizona, Inc. separately appeals.

We split the two appeals for oral argument: Suenos v. Goldman and Suenos v. Lawyers Title.  Both appeals are resolved in this memorandum.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We reverse and remand for a re-determination of attorney's fees owed Suenos by Goldman.  We reverse as to the district court's conclusion that the "hold harmless" provision in the purchase contract was not enforceable and remand for a determination of whether Lawyers Title appropriately concluded that there was a dispute over the earnest money between Suenos and Goldman.

A.     Suenos v. Goldman

1. The district court did not err in declining to rule as a matter of law that the second contract constituted undue risk to Suenos. The issue of mitigation was a disputed question of fact properly submitted to the jury. *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 603 P.2d 513, 527 (Ariz. Ct. App. 1979). Goldman presented evidence that her only intention in entering the second contract was to purchase the property, not to limit her liability for breach of the first contract. Additional evidence suggests that the second contract was more favorable to Suenos than the first. There was no error.

2. The district court did not err in declining to bifurcate the trial. Suenos has failed to allege any reason why it was meaningfully prejudiced by the failure to bifurcate. The district court found that evidence related to Suenos's damages, Goldman's mitigation defense, and Lawyers Title's breach of fiduciary duty and punitive damages claims overlapped. Bifurcation is allowed but not required. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (quoting Fed. R. Civ. P. 42(b)).

3. The district court did not err in its evidentiary rulings. The district court properly admitted evidence that Suenos purchased the property in question for $1.27 million as well as Suenos's 2008 IRS Form 1065 assets declaration of $1,842.204.00. This evidence was relevant to Goldman's mitigation defense and

4

served to rebut Suenos's claim that it could not have accepted an offer to purchase the property for one million dollars. Moreover, the district court did not err in admitting evidence that Suenos received no other offers to purchase the property before Goldman's offer, as that evidence was relevant to whether Suenos made reasonable efforts to mitigate its losses in rejecting Goldman's second offer.

The district court properly admitted evidence regarding Goldman's health, as that evidence was relevant to her particular interest in the property. A district court's *in limine* rulings are not binding. *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

The district court did not err in admitting evidence that Goldman verbally accepted Suenos's counteroffer as to the second contract because that evidence was not offered to show the second contract was enforceable, but, rather, related to whether Suenos acted reasonably in mitigating its damages.

Finally, the district court did not err in admitting evidence about property taxes. That evidence was relevant to evaluating Lawyers Title's claim that it reasonably believed Goldman had the right to cancel the contract. Again, *in limine* rulings are not binding on the district court. *Id*.

4. The district court did not give erroneous jury instructions. Revised Arizona Jury Instructions (Civil), 4th Edition 21 and 23 mirror Arizona law. *See Fairway*

5

*Builders*, 603 P.2d at 525–26 (relating to RAJI 21); *see also Coury Bros. Ranches, Inc. v. Ellsworth*, 446 P.2d 458, 463 (Ariz. 1968) (relating to RAJI 23).

5.   The district court did not err in denying Suenos a new trial. Suenos has not established any valid grounds for a new trial, such as "(1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978) (per curiam).

6.   The district court did not err in declining to strike Suenos's motion for attorney's fees as untimely. The time limit was not jurisdictional. *See* Arizona Local Rule 54.2(b)(2) (setting due date as 14 days but allowing alternative deadlines); *see also Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 930 n.2 (Ariz. Ct. App. 1983) (holding time limitation on statement of costs is not jurisdictional and late filing is within court's discretion). Moreover, the district court found that Goldman was not prejudiced by the late filing. Suenos was not required to show excusable neglect.

7.   The district court abused its discretion in determining that Suenos was the prevailing party in its action against Goldman. The district court held that the parties' settlement discussions were inadmissible under Federal Rule of Evidence 408(a), and that the court therefore could not consider them. The district court erred. *See Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011) (per curiam)

6

(holding a court may "consider[] settlement negotiations for the purpose of deciding a reasonable attorney fee award . . . ."); *see also A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 460–61 (9th Cir. 2013); *In re Kekauoha-Alisa*, 674 F.3d 1083, 1093–94 (9th Cir. 2012). On remand, the district court must decide whether to exercise its discretion to consider the settlement discussions, although it is not required to do so.

The district court also abused its discretion in relying upon the "net judgment rule" to determine the prevailing party. The "net judgment rule" applies only to cases involving competing claims or counterclaims. *Berry v. 352 E. Virginia, L.L.C.*, 261 P.3d 784, 788 (Ariz. Ct. App. 2011). On remand, the district court should instead apply either the "totality of the litigation" or the "percentage of success" test, *see Schwartz v. Farmers Ins. Co. Of Arizona*, 800 P.2d 20, 25 (Ariz. Ct. App. 1990), although this need not necessarily impact the result.

B.     Suenos v. Lawyers Title

The district court erred in finding the "hold harmless" provision in the contract unenforceable. The "hold harmless" provision was incorporated in a central understanding of the terms of the engagement between Suenos and Lawyers Title. Suenos, not Lawyers Title, executed and delivered the "Title and Escrow" provisions of the purchase contract. Suenos and Goldman drafted, negotiated,

7

initialed each page, and signed the purchase contract before Lawyers Title was involved. *Cf Aranki v. RPK Invs., Inc.*, 979 P.2d 534, 538 (Ariz. Ct. App. 1999) (release provisions were unenforceable against non-drafting party "because they do not appear to be negotiated terms"). On remand, the district court should determine whether Lawyers Title appropriately concluded that there was a dispute over the earnest money between Suenos and Goldman and to what extent Section 7 of the Escrow Instructions affects the liability of Lawyers Title.

**AFFIRMED in part; REVERSED and REMANDED in part.** All parties shall bear their own costs on appeal.