**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUENOS LLC, an Illinois limited liability company, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> DIANE GOLDMAN, a New Jersey individual, <br><br> Defendant-Appellant, <br><br> and <br><br> LAWYERS TITLE OF ARIZONA INCORPORATED, an Arizona corporation, as successor-in-interest to Land America Capital Title Company, a Virginia corporation, <br><br> Defendant. | No.   16-16405 <br><br> D.C. No. 2:10-cv-01034-TL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Tim Leonard, District Judge, Presiding

Submitted October 20, 2017[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision

San Francisco, California

Before:  IKUTA and HURWITZ, Circuit Judges, and GWIN,*** District Judge.

Suenos LLC sued Diane Goldman for breach of contract and tortious interference with contractual relations in connection with the failed sale of a condominium.  The district court granted summary judgment to Suenos on the breach of contract claim and to Goldman on the tortious interference claim.  The court then awarded Suenos a far smaller sum than it had sought on the contract claim, based on a jury finding that Suenos had failed to mitigate damages.  But, the court awarded Suenos nearly all of its requested attorneys' fees under a contract provision allocating "reasonable" fees to the "prevailing party."

This court affirmed the damages judgment, but remanded for further consideration of the fee award.  *Suenos LLC v. Goldman*, 633 F. App'x 874, 877–79 (9th Cir. 2015).  On remand, the district court reinstated the previous fee award.  Goldman has again appealed, arguing that (1) Suenos is not the prevailing party, (2) if Suenos is the prevailing party, it is not entitled to attorneys' fees because it had no genuine obligation to pay fees, (3) if Suenos is entitled to fees, the amount awarded was unreasonable, and (4) Suenos is not entitled to costs.  We affirm.

---

without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***    The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

2

1. "Determining 'who is the successful party for purposes of awarding attorneys' fees is within the sole discretion of the trial court, and will not be disturbed on appeal if any reasonable basis exists for it.'" *Berry v. 352 E. Virginia, LLC*, 261 P.3d 784, 788 (Ariz. Ct. App. 2011) (citation omitted). The district court did not abuse its discretion in finding Suenos the prevailing party. The central disputed issue was whether Goldman breached the contract, and Suenos established Goldman's liability on this claim, notwithstanding that the damages award was smaller than Suenos desired. *See Lee v. ING Inv. Mgmt., LLC*, 377 P.3d 355, 358 (Ariz. Ct. App. 2016) (reasoning that a trial court "may find that a party is the successful party even when the recovery it obtains is 'significantly reduced'" (citation omitted)).

2. Suenos was not barred from seeking a fee award because its lawyer had an interest in the limited liability corporation. Suenos's written engagement agreement with the law firm that represented it created a "genuine financial obligation" to pay fees. *See Lisa v. Strom*, 904 P.2d 1239, 1243 & n.3 (Ariz. Ct. App. 1995).

3. Goldman argues that the fee award is unreasonable in light of the limited damages award. However, Goldman waived this argument by failing to raise it "sufficiently for the trial court to rule on it." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (citation omitted). Although Goldman identified the limited damages award below as a reason not to deem Suenos the prevailing party, she did not argue that it was a reason to reduce the amount of fees

3

requested. "The district court did not abuse its discretion by failing to consider an argument that was never presented to it." *Smith v. Marsh*, 194 F.3d 1045, 1052 n.5 (9th Cir. 1999); *see also Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1285–86 (Ariz. Ct. App. 2007) (party opposing fee request must present "specific objections" to reasonableness of amount requested); *McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 165 P.3d 667, 672 (Ariz. Ct. App. 2007) (party opposing facially valid fee request has burden to show excessiveness).

Even if we reached the merits, we would conclude that the district court did not abuse its discretion. The court provided a reasoned explanation for granting a fee award greater than actual damages, and appellant "offer[s] no evidence of abuse of discretion other than the amount of the award," which "does not support the finding that the trial court abused its discretion." *Harris v. Reserve Life Ins. Co.*, 762 P.2d 1334, 1338 (Ariz. Ct. App. 1988).

4. The district court did not err in awarding Suenos both taxable and non-taxable costs. As the prevailing party, Suenos is entitled to taxable costs under Federal Rule of Civil Procedure 54(d) and non-taxable costs under the terms of its contract with Goldman.[1]

---

[1] Suenos has also requested attorneys' fees and costs on appeal. As the prevailing party, Suenos is entitled to taxable costs on appeal, *see* Fed. R. App. P. 39(a)(2), but must timely file a motion to seek fees and non-taxable costs, *see* 9th Cir. R. 39-1.6.

4

**AFFIRMED**.[2]

---

[2]    Suenos's motion to supplement the record with evidence of the settlement negotiations and evidence that Suenos paid its attorneys' fees (Dkt. 20) is DENIED.