NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FRANK D. KRESOCK, JR.; RICHARD W. HUNDLEY and LAW FIRM OF
BERENS, KOZUB, KLOBERDANZ & BLONSTEIN, PLC,
*Plaintiffs/Appellants*,

*v.*

ROSEMARY T. DEPAOLI; GREGORY MEELL; ABRAM, MEELL &
CANDIOTO, P.A., an Arizona professional corporation,
*Defendants/Appellees*.

No. 1 CA-CV 15-0622
FILED 11-30-2017

Appeal from the Superior Court in Maricopa County
No.  CV2013-055126
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

The Kozub Law Group, Scottsdale
By Richard W. Hundley
*Counsel for Plaintiffs/Appellants*

Joshua Carden Law Firm, PC, Scottsdale
By Joshua W. Carden
*Counsel for Defendant/Appellee Rosemary T. DePaoli*

Burch & Cracchiolo PA, Phoenix
By Melissa Iyer Julian
*Counsel for Defendants/Appellees Gregory Meell and Abram, Meell & Candioto,*
*P.A.*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Jon W. Thompson and Chief Judge Samuel A. Thumma joined.

---

**J O N E S**, Judge:

¶1　　　　Frank Kresock, Jr. appeals the trial court's orders: (1) dismissing his complaint, and (2) awarding attorneys' fees and costs in favor of Appellees.[1]　In addition, attorney Richard Hundley and the law firm of Berens, Kozub, Kloberdanz & Blonstein, PLC (collectively, Hundley) appeal the award of fees and costs against them.　For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　Kresock and Rosemary DePaoli married in 1983, had three children, and divorced in 2002.　As relevant here, the decree of dissolution, entered in December 2002, authorized DePaoli to sell the community property and distribute the proceeds equally.　Kresock estimated that, at the time of the divorce, the parties had more than $5.2 million in personal assets and $3.2 million in business assets as well as substantial debt.

¶3　　　　Following entry of the decree, the parties engaged in protracted family court litigation.[2]　In September 2003, Kresock requested

---

[1]　　Abram, Meell & Candioto, P.A. is also known as Abram & Meell, P.A.　Unless the context otherwise requires, Gregory Meell and the Meell law firm will be collectively referred to as Meell.

[2]　　Before the decree was entered, the parties were convicted of federal tax violations and sentenced to prison.　Kresock served his sentence from December 2002 through March 2004.　After his release, Kresock was placed in a halfway house until April 2004.　DePaoli served her sentence from May 2004 through May 2005.

the family court order "an independent audit and proper accounting of the entire marital estate from January 01, 2000 to present." He also requested the "immediate release[] of his share of [the] marital funds," which he calculated to be $432,519.86; he attached to this request an August 2003 trust account record provided by Meell. The family court denied both requests.

¶4 In March 2004, Meell wrote a letter to Kresock's then-attorney addressing, in part, "the updated accounting of Dr. Kresock's share of the property proceeds" and advising him a check for his share of the property proceeds (the 2004 check) had been prepared. This letter was attached as an exhibit to a reply DePaoli filed in the family court in April 2006. Meell's letter continued:

> On February 6, 2004, we forwarded to [a different attorney representing Kresock] . . . an updated summary accounting describing Dr. Kresock's net share of the community proceeds as equaling $279,554.82 at that time. On February 18, 2004, we forwarded to your office a further updated accounting and a related supporting spreadsheet determining Dr. Kresock's net share of the community proceeds as equaling $263,279.20. Another courtesy copy of both accompanies this letter.
>
> . . .
>
> This morning your paralegal requested arrangements to retrieve a check for Dr. Kresock's share of the property proceeds. Pursuant to that request a check has been prepared made payable to Dr. Kresock in the amount of $263,279.20 and is ready for retrieval by your courier.

¶5 Nearly a decade later, in April 2013, Kresock again requested the family court order an accounting, explaining that, despite "multiple attempts by various counsels," he had been unable to obtain an accounting from DePaoli or confirm she had complied with the decree. In response, DePaoli summarized "the long history of duplicative accountings" she had provided and/or made available to Kresock "and his eight (8) former attorneys." In October 2013, the family court denied the request as untimely.

¶6 In November 2013, Kresock, now represented by Hundley,[3] filed this civil action, alleging that "[a]t no time" had he received either a "full accounting" of, or "any proceeds" resulting from, the sale of the community property identified in the decree. As amended and as relevant here, he brought claims for: (1) breach of fiduciary duty (Count One) and declaratory relief/accounting (Count Six) against DePaoli and Meell, and (2) conversion (Count Three) and unjust enrichment (Count Five) against DePaoli, both based upon his continuing assertion he did not receive the 2004 check. Kresock later sought to amend his complaint to: (1) narrow the scope of Counts One, Five, and Six to address community property that was not identified within the decree, and (2) add a claim for partition (Count Seven).[4]

¶7 After filing an answer to the complaint, Appellees moved to dismiss, based upon the statute of limitations and claim preclusion. After full briefing and oral argument, the trial court granted the motion to dismiss and denied as futile the motion to amend. The court also granted Appellees' request for attorneys' fees and costs as a sanction against both Kresock and Hundley. *See* Ariz. Rev. Stat. (A.R.S.) § 12-349;[5] Ariz. R. Civ. P. 11. The final judgment dismissed the complaint with prejudice and awarded $20,248.50 in fees and costs to DePaoli and $32,500 in fees to Meell. *See* Ariz. R. Civ. P. 54(c). Kresock and Hundley timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.    Motion to Dismiss

### A.    Conversion Rule

¶8 The parties dispute whether the trial court improperly considered exhibits attached to DePaoli's motion to dismiss. A motion to dismiss shall be treated as a motion for summary judgment when "matters

---

[3] Hundley is the last of several attorneys to represent Kresock in the family court matter, substituting as counsel in July 2013.

[4] Kresock dismissed all other counts within his complaint by stipulation.

[5] Absent material changes from the relevant date, we cite the current version of statutes and rules unless otherwise stated.

outside the pleading are presented to and not excluded by the court." Ariz. R. Civ. P. 12(b) (2014).[6]

**¶9**         Although the trial court did not affirmatively state it considered DePaoli's exhibits when it granted the motion in one sentence, we can infer from the record it did so. *See Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 601, ¶ 11 (App. 2016) (finding the trial court "necessarily considered matters outside the pleadings" when exhibits were attached to the motion and arguments at a hearing were based on the exhibits) (citing *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012)); *Canyon del Rio Inv'rs, L.L.C. v. City of Flagstaff*, 227 Ariz. 336, 340, ¶ 15 (App. 2011) (converting motion because exhibits were not stricken) (citing *Yollin v. City of Glendale*, 219 Ariz. 24, 27, ¶ 6 (App. 2008); and *Jones v. Cochise Cty.*, 218 Ariz. 372, 375, ¶ 7 (App. 2008)). Kresock never objected to the court's consideration of DePaoli's attachments within the framework of a motion to dismiss. Kresock did not ask the court to strike DePaoli's attachments or argue that the motion should be converted to a motion for summary judgment, even when the trial court raised the issue at a hearing.

**¶10**        Nor did Kresock argue to the trial court that he had inadequate opportunity to refute the contents of the exhibits or request additional discovery. Although Kresock now argues, for the first time on appeal, the trial court should have allowed him to pursue discovery once it considered evidence outside the pleadings, "[t]he 'reasonable opportunity' requirement inherent in Rule 12(b) is satisfied when a party had the opportunity to file a written response or reply." *Workman*, 240 Ariz. at 602, ¶ 15 (quoting *Belen Loan Inv'rs, L.L.C. v. Bradley*, 231 Ariz. 448, 453 n.7, ¶ 7 (App. 2012)). Indeed, Kresock addressed the documents' contents in both

---

6         The version of Rule 12(b) in place when the trial court issued its ruling provided in relevant part:

> If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Ariz. R. Civ. P. 12(b) (2014). In 2017, the relevant provision was renumbered as Rule 12(d). Within this decision, we cite the rule in place when the trial court issued its ruling.

his written and oral argument and continually asserted he was nonetheless entitled to a ruling in his favor.

¶11 On this record, Kresock failed to make a timely objection to the trial court's consideration of the materials presented by DePaoli. "A failure to make timely objection is a waiver of error." *City of Prescott v. Sumid*, 30 Ariz. 347, 355-56 (1926) (citations omitted). Accordingly, we consider whether the court properly granted summary judgment in Appellees' favor.

### B. Statute of Limitations

¶12 We review a trial court's grant of summary judgment *de novo*, "viewing the evidence in the light most favorable to the non-prevailing party." *Salib v. City of Mesa*, 212 Ariz. 446, 450, ¶ 4 (App. 2006) (citing *Romley v. Arpaio*, 202 Ariz. 47, 51, ¶ 12 (App. 2002)). Summary judgment is proper if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a); *Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990). Summary judgment is also proper when the facts supporting a claim "have so little probative value, given the quantum of evidence required," that no reasonable person could find for its proponent. *Orme Sch.*, 166 Ariz. at 309. We also review *de novo* the application of the statute of limitations, including the question of accrual. *Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, 175, ¶ 10 (App. 2013) (quoting *Montano v. Browning*, 202 Ariz. 544, 546, ¶ 4 (App. 2002)).

¶13 The parties disagree regarding the applicable limitations period, but, even assuming the longest, four-year period applies, *see* A.R.S. § 12-550 (setting the general limitations period at "four years after the cause of action accrues, and not afterward"), all of Kresock's claims are time-barred.

¶14 All of Kresock's claims arise out of purported mishandling and misreporting of assets contained in the marital estate, which was dissolved in accordance with the December 2002 decree. Kresock did not file his civil complaint until November 2013, and all claims accruing before November 2009 are time-barred. Kresock argues his claims were timely because he did not discover the facts giving rise to these claims until 2013. When a cause of action accrues and when it is discovered are generally questions of fact, but they may be determined as a matter of law when the plaintiff was "unquestionably . . . aware of the necessary facts underlying [his] cause of action." *Thompson v. Pima Cty.,* 226 Ariz. 42, 46-47, ¶ 14 (App.

2010) (quoting *Doe v. Roe*, 191 Ariz. 313, 323, ¶ 32 (1998)).  Such is the case here.

**¶15**        Viewing the facts in the light most favorable to Kresock, the evidence shows: (1) Kresock made multiple requests for a comprehensive accounting as early as September 2003, (2) DePaoli claimed to have sent Kresock approximately twenty-two accountings between 2002 and 2005, (3) as early as 2003, Kresock was well aware of the sale of the marital estate as evidenced by his requests for information and funds in the family court, and (4) Meell prepared the $263,279.20 check in March 2004 and advised Kresock's then-attorney it was available for pick up.  We agree with the trial court that "[t]here is no question that Kresock was keeping close tab of the Accountings even while in federal custody" and was aware more than a quarter of a million dollars was due to him.  *See Hackin v. First Nat'l Bank of Ariz., Phx.*, 5 Ariz. App. 379, 385 (1967) (recognizing a client "is bound by the knowledge of his attorney") (citations omitted).  Any reasonable investigation into these facts would have alerted Kresock that he was missing a quarter of a million dollars, and no reasonable juror could agree the ten-year delay in investigating the claims was not, as he argues, "a reasonable inquiry."  *See ELM Ret. Ctr., L.P. v. Callaway*, 226 Ariz. 287, 290, ¶ 12 (App. 2010) ("The discovery rule . . . does not permit a party to hide behind its ignorance when reasonable investigation would have alerted it to the claim.") (citing *Doe*, 191 Ariz. at 324, ¶ 37); *see also CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A., P.C.*, 198 Ariz. 173, 176, ¶ 11 (App. 2000) ("[A]ccrual requires only actual or constructive knowledge of the fact of damage, rather than of the total extent or calculated amount of damage.") (citing *Commercial Union Ins. v. Lewis & Roca*, 183 Ariz. 250, 255 (App. 1995)).

**¶16**        The record reflects Kresock had "knowledge, understanding, and acceptance in the aggregate" of the facts constituting his claims no later than 2004, had an affirmative duty of due diligence to investigate potential claims, and failed to do so for nearly ten years.  *See Walk v. Ring*, 202 Ariz. 310, 316, ¶ 23 (2002) (quoting *Doe,* 191 Ariz. at 324, ¶ 36).  Accordingly, his claims are barred by the statute of limitations.

## II.     Motion to Amend

**¶17**        Kresock argues the trial court erred by denying his motion to amend the complaint.  We review the denial of a motion to amend for an abuse of discretion.  *Alosi v. Hewitt*, 229 Ariz. 449, 452, ¶ 13 (App. 2012) (citing *MacCollum v. Perkinson*, 185 Ariz. 179, 185 (App. 1996)).  In so doing, we presume the truth of the facts alleged in the amended pleading.  *Id.* (citing *MacCollum*, 185 Ariz. at 185).  Although leave to amend is liberally

granted, it may be denied if the amendment would be futile. *Id.* (citing *Bishop v. State of Ariz., Dep't of Corr.*, 172 Ariz. 472, 474-75 (App. 1992)).

**¶18** Kresock's proposed amendment would have limited his claims (except for Count Three) to three parcels of real property and certain items of personal property that were not specifically identified in the decree. He suggests that DePaoli "may or may not have" sold this property by now, but, if she did, "information as to the sales [has] never been provided." But Kresock offers no persuasive explanation why the limitations period has not run on these claims. Kresock posits that accrual "is not an issue resolvable" by way of motion to amend. In that he is incorrect. In fact, the purpose of the statute of limitations — "to protect defendants and courts from stale claims where plaintiffs have slept on their rights," *Gust, Rosenfeld & Henderson v. Prudential Ins. of Am.*, 182 Ariz. 586, 590 (1995) (citing *Ritchie v. Grand Canyon Scenic Rides*, 165 Ariz. 460, 464 (1990), and *Brooks v. S. Pac. Co.*, 105 Ariz. 442, 444 (1970) — was well-served in the immediate case by the denial of leave to amend. On this record, Kresock has shown no abuse of discretion.

## III. Attorneys' Fees and Costs

### A. In the Superior Court

**¶19** Kresock and Hundley challenge the award of attorneys' fees and costs as a sanction against them. We review the applicability of A.R.S. § 12-349 *de novo. Rogone v. Correia*, 236 Ariz. 43, 50, ¶ 23 (App. 2014) (citing *City of Casa Grande v. Ariz. Water Co.*, 199 Ariz. 547, 555, ¶ 27 (App. 2001)). In the course of our review, we view the evidence in the light most favorable to sustaining the sanction, *Harris v. Reserve Life Ins.*, 158 Ariz. 380, 382-83 (App. 1988) (citing *Davis v. Tucson Ariz. Boys Choir Soc'y*, 137 Ariz. 228, 229 (App. 1983)), and will affirm if there is any basis to do so supported by the record, *Solimeno v. Yonan*, 224 Ariz. 74, 82, ¶ 33 (App. 2010) (citing *State v. Robinson*, 153 Ariz. 191, 199 (1987)).

**¶20** The trial court may impose sanctions against a party and/or his attorney for bringing a claim "without substantial justification," *i.e.*, one that "is groundless and is not made in good faith." A.R.S. § 12-349(A)(1), (F). An objective standard is used to determine groundlessness, and a subjective standard is used to determine good faith. *Phx. Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 244 (App. 1997) (citing *Gilbert v. Bd. of Med. Exam'rs*, 155 Ariz. 169, 180 (App. 1987)). A claim is groundless when it is (1) contrary to facts that were known or should have been known, or (2) based upon arguments contrary to law. *See Harris*, 158 Ariz. at 383. The

court must "set forth the specific reasons for the award." A.R.S. § 12-350 (listing factors to consider in imposing a sanction under A.R.S. § 12-349).

### 1.    Kresock

**¶21**    Kresock argues the record does not support the finding that he brought his claims without substantial justification. Specifically, Kresock argues DePaoli and Meell evaded his attempts to acquire a full accounting of the proceeds from the sale of marital property and the complaint was not an attempt to harass DePaoli. The trial court, however, found that Kresock "clearly knew of the unwarranted character of his claims," and "repeatedly made claims for an accounting that the Family Court had rejected mostly because accountings had already [been] provided." The court also found Kresock was "keeping close tab" of the accountings and, "separate and apart from Mr. Hundley, brought this lawsuit with the intent to harass all the [Appellees] and was proceeding in bad faith."

**¶22**    We need not belabor this analysis. The record fully supports the trial court's extensive factual findings. Accordingly, we find no error.

### 2.    Hundley

**¶23**    Hundley argues the sanction against him was improper because there was no evidence he shared Kresock's intent to harass. However, sanctions are available where a claim is brought "without substantial justification" irrespective of whether it is also considered harassment. *See supra* ¶ 20; *see also Reynolds v. Reynolds*, 231 Ariz. 313, 318 n.5, ¶ 16 (App. 2013). Again, the trial court's extensive factual findings set forth its reasons for the award and are fully supported by the record. Accordingly, we find no error. *See Rogone*, 236 Ariz. at 50, ¶ 23; *Bennett v. Baxter Grp.*, 223 Ariz. 414, 422, ¶ 31 (App. 2010) (citation omitted); *see also Harris*, 158 Ariz. at 383 (holding an action was brought without substantial justification when attorney knew or should have known claim was unjustified).

### B.    On Appeal

**¶24**    Appellees request an award of attorneys' fees incurred on appeal, pursuant to the same legal authority that supported the trial court's award. *See* A.R.S. § 12-349. Although we affirm the trial court's judgments, we cannot say that the record and briefs on appeal support an award of attorneys' fees pursuant to A.R.S. § 12–349(A)(1). We therefore deny

Appellees' fee request. As the prevailing party on appeal, Appellees are entitled to their costs on appeal upon compliance with ARCAP 21(b).

## CONCLUSION

¶25      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA