NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DEVIN ANDRICH, *Plaintiff/Appellant*,

*v.*

JAMES MATTHEW ALLEN, et al., *Defendant/Appellee*.

No. 1 CA-CV 22-0480
FILED 5-4-2023

Appeal from the Superior Court in Maricopa County
No. CV2019-013251
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Devin Andrich, Phoenix
*Plaintiff/Appellant*

Ahwatukee Legal Office PC, Phoenix
By David L. Abney
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Daniel J. Kiley joined.

---

**M O R S E**, Judge:

¶1        Devin Andrich appeals the superior court's grant of summary judgment and award of attorney fees and costs to James Allen and James M. Allen, P.C. (collectively "Allen").  For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        In October 2014, Allen hired Andrich as a paralegal.  At the time, Andrich was homeless and facing criminal charges arising from misconduct related to his own legal practice.

¶3        In December of that year, Allen helped Andrich to secure a place to live from a mutual friend, Ronald Fried.  Andrich lived in Fried's apartment for free until Andrich began his prison sentence on February 3, 2015.  When Andrich vacated the apartment, he asked Fried to deliver some clothing and other personal items ("the Property") to Allen for safekeeping.

¶4        In September 2017, Andrich was released from prison.  One month later, he met with Allen about a potential job opportunity.  At that meeting, Andrich discovered that Fried never delivered the Property to Allen.

¶5        Andrich reached out to Fried to retrieve the Property.  When that failed, Andrich sent an email to Allen in which Andrich (i) acknowledged that Allen never received the Property, and (ii) threatened to file suit, seek a temporary restraining order, and depose and polygraph everyone involved if Allen did not "fix this."

¶6        Allen responded by offering Andrich a $200 gift card to replace the lost clothing but warned that Allen would "forward" any more "email[s] of this nature" to the State Bar, the County Attorney's Office, and Andrich's parole officer.  Andrich claims this warning caused him to "suffer immediate and ongoing severe emotional distress."

¶7        In January 2018, Andrich sent a second demand letter to Fried.  Fried forwarded the letter to Allen and asked for advice on what he

should do about it and how he could contact Andrich's parole officer. Allen replied by suggesting that Fried have his attorney respond to Andrich's letter and that Fried should "start with a google search" to find Andrich's parole officer.

¶8        Fried did not return the Property, and Andrich filed suit against Fried and Fried's ex-wife in October 2019. He later amended the complaint twice, adding Allen as a defendant and asserting claims for (1) aiding and abetting the conversion of Andrich's property; (2) intentional infliction of emotional distress; and (3) tortious interference with a contract.

¶9        In response to a document production request, Allen disclosed his January 2018 text message exchange with Fried. During litigation, Andrich and Allen filed a Joint Statement of Disclosure Dispute in which Andrich challenged the sufficiency of Allen's disclosures, suggesting that Allen was in possession of additional electronically stored information ("ESI") that he had failed to disclose and asking for leave to file a motion to compel further disclosures and for sanctions against Allen. Allen denied being in possession of any undisclosed ESI relevant to this case. The court heard arguments from the parties and denied Andrich's request for additional disclosure.

¶10        In June 2020, Fried found a bag containing some or all of the Property and returned the bag to Andrich. Andrich and Fried later reached a stipulation to dismiss the claims against Fried with prejudice.

¶11        In September 2021, Allen moved for summary judgment on all claims against him. Following oral argument, the superior court granted Allen's motion and awarded him a portion of his attorney fees and costs. Andrich timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶12        Andrich challenges the superior court's ruling on the parties' disclosure dispute, its grant of summary judgment to Allen on Andrich's claims for aiding and abetting and intentional infliction of emotional distress, and its decision to award Allen $100,000 in attorney fees pursuant to A.R.S. § 12-349.[1] For the following reasons, we affirm.

---

[1]        Andrich also challenges the court's denial of his motion for a new trial, but he fails to develop this argument in his briefing. Therefore, he

## I.     The Disclosure Dispute.

**¶13**         "The disclosure rules are designed to provide parties 'a reasonable opportunity to prepare for trial or settlement—nothing more, nothing less.'" *Zimmerman v. Shakman*, 204 Ariz. 231, 235, ¶ 13 (App. 2003) (quoting *Bryan v. Riddel*, 178 Ariz. 472, 476 n.5 (1994)).  The superior court has broad discretion on matters of disclosure and discovery, and we will not disturb its ruling absent a clear abuse of discretion and resulting prejudice.  *Johnson v. Provoyeur*, 245 Ariz. 239, 241-42, ¶ 8 (App. 2018).  Because trial judges are better suited "to decide if a disclosure violation has occurred . . . and the practical effect of any non-disclosure," *Solimeno v. Yonan*, 224 Ariz. 74, 77, ¶ 9 (App. 2010), we review "whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason," *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013) (quoting *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 571 (1985)).

**¶14**         In response to Andrich's demand for additional discovery, Allen repeatedly stated that he had provided all relevant documents and had no additional information to disclose.  The superior court considered the arguments of the parties and held a hearing before denying Andrich's requested relief.  Because Andrich has not supplied a transcript of the hearing, we assume that the superior court considered all relevant information before denying relief.  *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("A party is responsible for making certain the record on appeal contains all transcripts" and "we assume [missing transcripts] would support the court's findings and conclusions.").  Based on the record before us, we discern no abuse of discretion in the superior court's decision not to grant relief.  *See Braillard v. Maricopa County*, 224 Ariz. 481, 497, ¶ 52 (App. 2010) ("In matters of discovery a trial court has broad discretion which will not be disturbed absent a showing of abuse." (cleaned up)); *see also Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 287-88 (1995) (stating that mandatory sanctions are "unduly harsh, overly punitive, and inconsistent with the purposes of the [] rules" and "the relevant question must be whether [a violation] is harmful to the opposing party or to the justice system").

---

waives the issue on appeal.  *See In re 3567 E. Alvord Rd.*, 249 Ariz. 568, 572, ¶ 11 n.5 (App. 2020) ("We do not address this suggestion because [appellant] has failed to fully develop this argument or meaningfully cite to relevant authority . . . .").

¶15         Because we find the superior court did not abuse its discretion in ruling on the discovery dispute, we need not address whether the court violated Andrich's First Amendment right to petition.

## II.    Summary Judgment.

¶16         We review the superior court's grant of summary judgment de novo. *Jackson v. Eagle KMC L.L.C.*, 245 Ariz. 544, 545, ¶ 7 (2019). In doing so, we must "view[] the evidence and reasonable inferences in the light most favorable to the party opposing the motion." *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

### A.    Aiding and Abetting.

¶17         Andrich claims the trial court erred in finding that no evidence supports his aiding and abetting claim against Allen. We disagree.

¶18         In order to succeed on his claim for aiding and abetting, Andrich must prove three elements: (1) the primary tortfeasor committed a tort that caused him injury; (2) Allen knew that the primary tortfeasor's conduct constituted a breach of duty; and (3) Allen substantially assisted or encouraged the primary tortfeasor in the achievement of the breach. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 201 Ariz. 474, 485, ¶ 34 (2002). "The third requirement, substantial assistance by an aider and abettor, can take many forms, but means more than 'a little aid.'" *Id.* at 488, ¶ 46. Indeed, a defendant will only be liable "[i]f the encouragement or assistance is a substantial factor in causing the resulting tort . . . ." *Gomez v. Hensley*, 145 Ariz. 176, 178 (App. 1984) (quoting Restatement (Second) of Torts § 876 cmt. d (Am. L. Inst. 1979)).

¶19         Andrich points to a short text message exchange as evidence that Allen substantially assisted in Fried's alleged conversion of the Property. In the exchange, Fried asks Allen how he should respond to Andrich's demand letter and how to find Andrich's parole officer. Allen responded by telling Fried to have his attorney respond to the letter and to "start with a google search" to find Andrich's parole officer.

¶20         There is no dispute as to what Allen said in that exchange. Andrich has acknowledged that "when a party receives a demand letter, the attorney protocol is to respond to the demand letter, even if to dispute the

letter's allegations." But Andrich claims that Allen's advice resulted in Fried evading this lawsuit and withholding the Property for almost three years. Allen's advice that Fried should have his lawyer contact Andrich cannot be "a substantial factor" in causing him to do the opposite. *See id.* at 178. Therefore, we affirm the superior court's grant of summary judgment on Andrich's claim of aiding and abetting.

### B.      Intentional Infliction of Emotional Distress.

**¶21**          Andrich further claims the trial court erred in finding that no evidence supports his claims for intentional infliction of emotional distress. A claim for intentional infliction of emotional distress requires the plaintiff to show: (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result; and (3) the defendant's actions caused the plaintiff to suffer severe emotional distress. *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987).

**¶22**          The superior court's first task is to "determine whether the acts complained of are sufficiently extreme and outrageous to state a claim for relief." *Mintz. v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554 (App. 1995). To qualify, Allen's conduct must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts § 46 cmt. d (Am. L. Inst. 1965). We agree with the superior court that none of Allen's conduct met this standard.

**¶23**          Andrich claims the superior court erred in failing to account for the relative positions of the parties and Allen's knowledge that Andrich was peculiarly susceptible to emotional distress. *See Lucchesi v. Frederic N. Stimmell, M.D., Ltd.*, 149 Ariz. 76, 79 (1986) (stating that these are two factors courts should consider). But a defendant is "never liable . . . where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress." *Mintz*, 183 Ariz. at 554 (quoting Restatement (Second) of Torts § 46 cmt. g).

**¶24**          Andrich's claims center on Allen's December 2017 email where he warned Andrich to "tread lightly" and threatened to forward future emails to the State Bar, the County Attorney's Office, and Andrich's parole officers. Allen's conduct amounted to no more than a warning that he may report further communications from Andrich to the proper

authorities. Allen's warning that he would do what he is legally entitled to do cannot provide the basis for a claim of intentional infliction of emotional distress. *See id.* And the record provides no evidence of any other potentially extreme and outrageous conduct. Accordingly, we affirm the superior court's decision to grant summary judgment on the claim of intentional infliction of emotional distress.

## III.    Attorney Fees.

¶25         The determination of whether to award attorney fees and whether the amount of the award is reasonable "is a matter peculiarly within the discretion of the trial court . . . ." *Harris v. Rsrv. Life Ins. Co.*, 158 Ariz. 380, 384 (App. 1988). As such, we review an award of attorney fees for an abuse of discretion and will affirm unless the trial court's supporting findings of fact are clearly erroneous. *Democratic Party of Pima Cnty. v. Ford*, 228 Ariz. 545, 547, ¶ 6 (App. 2012). Andrich raises two issues with the court's decision to award attorney fees.

¶26         First, Andrich challenges the court's statement that the parties provided no evidence of their relative financial positions. Specifically, he claims the court had "actual, judicial notice that Andrich was indigent." It is true that Andrich had previously provided the court with an Application for Deferral of Court Fees and Costs which "memorialized his $1,200 monthly income and $1,349 monthly expenses." However, when he filed a response to Allen's motion seeking attorney fees, Andrich did not provide any argument or evidence about the financial positions of either party. Accordingly, Andrich waived any claim that an award of fees would impose an undue financial hardship. *See Rudinsky v. Harris*, 231 Ariz. 95, 102, ¶ 32 (App. 2012) (in opposing the fee application, "the party asserting financial hardship has the burden of coming forward with prima facie evidence of financial hardship") (cleaned up).

¶27         Second, Andrich takes issue with the court's assessment that he prosecuted the action in bad faith and Allen defended it in good faith. Andrich's claim that Allen acted in bad faith focuses on the parties' discovery dispute. We have already affirmed the court's ruling on that dispute, *supra* ¶ 14, and its finding that Allen acted in good faith is not clearly erroneous.

## IV.    Attorney Fees on Appeal.

¶28         Allen requests attorney fees on appeal, arguing this appeal "is as unjustified as the lawsuit from which it sprang." But an award of attorney fees under A.R.S. § 12-349 requires that the claims be "brought

without substantial justification or for delay or harassment." *Sklar v. Town of Fountain Hills*, 220 Ariz. 449, 455, ¶ 23 (App. 2008). While we disagree with Andrich's substantive arguments, the issues he raises on appeal are not frivolous or otherwise unjustified. Accordingly, we deny Allen's request for attorney fees. As the successful party, however, Allen is entitled to his costs upon compliance with ARCAP 21.

## CONCLUSION

**¶29** For the reasons stated above, we affirm the decision of the superior court and award Allen his costs on appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA